## East Brandywine and Waynesburg Railroad Co. versus Ranck.

1. The measure of damages to an owner for the location, &c., of a railroad through his land, is the difference between the value of the property as a whole before the opening of the road and the value as affected by the road.

2. The declarations of the owner of the land as to its value, his offer of it at a fixed price and sale of a portion of it, are evidence on the question of damages, as constituting his estimate of its value.

May 8th 1875.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Lancaster county :* No. 108, to May Term 1875.

This case commenced in a proceeding by viewers to assess damages by reason of the construction of the East Brandywine and Waynesburg Railroad through the land of Jacob Ranck. The viewers having reported, there was an appeal to the Court of Common Pleas, where an issue was formed January 29th 1873, as in an action of trespass *q. c. f.*, in which Jacob Ranck was plaintiff, and the East Brandywine and Waynesburg Railroad Company were defendants.

At the opening of the trial, January 27th 1875, before Livingston, P. J., the defendants, in answer to the call of the plaintiff, stated that they "take 98-100ths of an acre, measuring to the top of the slope where there are cuts, and bottom of bank where there are embankments."

The plaintiff then called William Kennedy, a surveyor, who had taken a measurement of the land occupied by the company ; he said that the quantity, including 52 perches allowed for fences, was 1 acre 11 perches. The whole length of the road through plaintiff's land was 1410 feet ; his dwelling-house was distant from the road 85 feet 9 inches ; his barn 89 feet 9 inches. The entire quantity of the plaintiff's farm had been 67 acres 77 perches ; 28 acres 64 perches had since been sold and there remained 39 acres 13 perches, owned by plaintiff at the trial. A turnpike road separated the 39 acres from the 28 acres.

J. Worst testified much in detail as to the damages resulting to the plaintiff ; amongst other things he said the road was cut out between the house and barn ; he said also that he could not tell the value of the whole tract or the difference of the value by reason of the railroad ; that he could not say what it would bring at the time of the trial. The witness then said he thought the damage to the whole farm would be from $2500 to $3000.

On cross-examination he said, before the railroad was located he thought the land would have brought $200 per acre ; it was offered at public sale a year or two previously and bid to $180 to $181 per acre for the whole ; the tendency of prices since had been

downward. At the time the tract was offered for sale the 28 acres would have been worth $160 per acre; there was no buildings on them.

The defendant, on cross-examination, asked the witness :—

" Whether after the railroad was graded through Ranck's property Mr. Ranck didn't sell 28 acres north of the turnpike, said tract constituting part of the 67 acres, for $160 per acre, being the highest price the witness states the land, this tract, was worth before the railroad took any part of the 67 acres."

On objection the question was not allowed because not cross-examination, and a bill of exceptions sealed. This was the 1st assignment of error.

The plaintiff examined a great many witnesses, as to the value of his farm generally before and after the location of the road, and as to particular items of damages resulting from making it.

The plaintiff rested.

The defendant offered to prove :—

" That the plaintiff, in the fall of 1871, offered to sell this farm of 67 acres for $182 per acre, and that this willingness on the part of Mr. Ranck was absolute, and that the witness informed Mr. Ranck he was willing to take the place at that price if the railroad should be made through it; that he offered to sign a contract of purchase and pay on it the sum of $100; if the railroad should be made he would take the farm at that price, and if the railroad should not be made Mr. R. might keep the land and also the $100, and that the contract only failed between the parties because Mr. Ranck wanted witness to take the property at $182 per acre, even if the railroad should not be made ?

Also, to ask a witness whether or not Mr. Ranck sold this property, the whole 67 acres, in the fall of 1871, before this railroad was located.

Also, to prove by the witness, that in the fall of 1871, plaintiff informed him that he valued his land at $182 per acre, and was willing to take that for it.

Also, to prove that in the fall of 1872 Ranck sold off part of this farm, 28 acres and 64 perches, at $160 per acre, and that he was offered $180 for the 39-acre tract at same time.

These offers were objected to, rejected by the court, and several bills of exceptions sealed. They constitute the 9th, 10th, 11th and 13th assignments of error.

The defendants examined a great many witnesses upon the questions of the value of the land, the amount of damage resulting from the location of the railroad, &c.

A witness testified that the plaintiff had offered his property at public sale in 1870. The defendant then proposed to prove by him that the price bid at the public sale, per acre, on the 67 acres, was less than the value put on the land by the witnesses in this case.

[East Brandywine, &c., Railroad Co. v. Ranck.]

The offer was objected to by the plaintiff, rejected by the court, and a bill of exceptions sealed. This constituted the 16th assignment of error.

The defendants offered to prove, by another witness, "that within the last ten days plaintiff stated he would not now take $10,000 for the 39 acres and 13 perches now remaining in his ownership, being the portion on which the railroad is laid; and also to prove, in connection with the foregoing, that this enhancement of the value of plaintiff's property is the result of the building of the railroad, and is special and peculiar to plaintiff's property, and is not general with other farm land in the neighborhood."

This was objected to by plaintiff, rejected by the court, and a bill of exceptions sealed. The court stated that they would allow defendants to prove the last part of the offer, viz.: That the property has been enhanced in value by building railroad and any advantages that are special and peculiar to plaintiff's property.

This constituted the 18th assignment of error.

After an elaborate charge the jury rendered a verdict for the plaintiff for $2508.

The defendants took a writ of error; they assigned twenty-one errors. Those passed on in the opinion of the Supreme Court related principally to the rulings on questions of evidence, and are found in the several bills of exceptions heretofore stated.

*E. H. Yundt* and *H. M. North*, for plaintiffs in error.

*S. B. Eby* and *N. Ellmaker*, for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, May 25th 1875.

The practice of multiplying exceptions is not to be commended. In this case there are no less than twenty-one. A lesser number would not have diminished the importance of the case. For convenience they may be divided into two classes, viz: 1st. Such as relate to the admission or rejection of evidence; and 2d. Such as relate to the charge of the court. It is sufficient to say generally in regard to the latter, that the learned judge of the court below has indicated the principles of law applicable to this case with sufficient accuracy. But we think there was error in excluding the evidence referred to in the 1st, 9th, 10th, 11th, 13th, 16th and 18th assignments of error. The evidence all bore upon the value of the property, either just before or after the railroad was opened through it. The issue was as to the amount of damages caused to this particular property by the opening of the road. It is the settled rule that the measure of damages, in such cases, is the difference between the value of the property as a whole before the opening of the road and its value as affected by the road. It

[East Brandywine, &c., Railroad Co. v. Ranck.]

is not necessary to refer to the long line of cases which settle this principle. The more recent ones are the Danville, Hazelton and Wilkesbarre Railroad Company v. Gearheart and the Pennsylvania and New York Canal and Railroad Company v. Madill, both of which were decided within the present year and not yet reported. As evidence bearing upon the value of this property, Ranck's own declarations were certainly competent when offered by the company. His offer of it at a fixed price and a sale of a portion of it were facts proper to go to the jury as constituting his estimate of its value.

It is true the sale of a portion of the property does not fix with certainty its market value as a whole, but it is an element fair to be considered by the jury. If one-half of the property had been sold for more than he had valued the whole of it prior to the opening of the road, surely the jury would have a right to consider such a circumstance in passing upon his claim for damages. While the evidence referred to was not conclusive, nor perhaps very important, it ought not to have been excluded. The plaintiff had called his neighbors to prove the value of his property prior to the opening of the road, and the injury caused by such opening. It was competent for the defendants to rebut this evidence by the acts and declarations of the plaintiff himself. We do not see any serious error in any of the remaining assignments.

Judgment reversed and a *venire facias de novo* awarded.