GEORGIA A. DAVIS ET AL. v. ROBERT BREWSTER ET AL.

(Case No. 1574.)

1. MORTGAGE.— In a suit by husband and wife to establish as a mortgage a deed
    absolute on its face, which was executed and delivered by them, conveying the
    property of the wife, the real intent of the husband and wife at the time of exe-
    cuting the deed, which was not completed until its delivery, and the intent with
    which the instrument was received by the party named as vendee, must govern.
    If it was delivered and received with the understanding by the wife that it was,
    though absolute on its face, only a security for the debt of the party making it,
    then it is not a mortgage, no matter what contrary intention may have existed
    between the husband, whose debt it was intended to secure, and his creditors,
    prior to the time the instrument was delivered.  See charge of court held error,
    because misleading and in disregard of the above rule.

APPEAL from Harris.  Tried below before the Hon. James Mas-
terson.

Suit by appellants to set aside a deed executed by them, which
purported to convey lots in Houston.

The grounds alleged for the relief sought were, that the property
which the deed purported to convey was the homestead of Davis and
wife at its date, and had been such for more than seven years next
preceding the date of its execution, and had been such ever since;
that the deed, whilst on its face absolute, was in fact but a mortgage
to secure Baker, Brewster and Rice for what they might have to
pay as sureties on the bonds of Nelson T. Davis as tax collector of
Harris county; that the same was so understood, and was accepted
by the grantees, and delivered by the grantors with that understand-
ing and agreement; that no consideration was paid for the deed, or
agreed to be paid; and that it was understood and agreed, by and
between all the parties, that if the grantees had nothing to pay as
such sureties, the deed was to amount to nothing, and the property
was to remain the property of Davis and wife.

The petition further alleged that Mrs. Davis was induced and per-
suaded to sign the deed by the promises and representations of the
grantees, that if the deed was executed for the purposes stated,
they would protect Nelson T. Davis from any criminal prosecution
by reason of his acts as tax collector, and out of which it was
claimed the liability the deed was given to secure had grown; that
under said deed the grantees were claiming said lots, and a cloud
had been cast on plaintiff's title by reason of said deed and claim
thereunder; that plaintiff's husband, Nelson T. Davis, refused to
join in the suit, and that therefore he was made a defendant.

Nelson T. Davis answered, admitting that he had declined join-

ing his wife in the suit, but that then he did join her, and reiterated the allegations of her petition, and joined in asking the relief prayed for in her petition.

The defendants Brewster and Rice filed their first amended original answer. in which they alleged, in substance, that the deed was an absolute deed, and was so understood, executed and accepted.

Verdict and judgment for defendants.

*Jones & Garnett,* for appellant, cited 1 Story's Equity, sec. 165; Watkins v. Edwards, 23 Tex., 447; Wall v. Arrington, 13 Ga., 89; Strong v. Beach, 11 Ohio St., 283.

*Baker & Botts,* for appellees, cited 1 Jones on Mortgages, sec. 335; Cuney v. Dupree, 21 Tex., 211, 219; Grooms v. Rust, 27 Tex., 231; Brewster v. Davis, 56 Tex., 479; Fieldman v. Gamble, 26 N. J. Eq., 494; Stuart v. Philps, 39 Iowa, 14; Brighan v. Potter, 14 Gray (Mass.), 522; Ward v. Bledsoe, 32 Tex., 251; Powell v. Haley, 28 Tex., 56, 760; Baldridge v. Gordon, 24 Tex., 288; Briscoe v. Bronaugh, 1 Tex., 326; Montgomery v. Culton, 23 Tex., 156, 639; Alley v. Booth, 16 Tex., 94; Jones and Wife v. Williams, 41 Tex., 390; Norvell v. Oury, 13 Tex., 31; Davis v. Loftin, 6 Tex., 489; Linn v. Wright, 18 Tex., 340; O'Connell v. State, 18 Tex., 363; Robinson v. Varnell, 16 Tex., 387; Johnson v. Granger, 51 Tex., 42; Fowler v. Waller, 25 Tex., 695; Farquhar v. Dallas, 20 Tex., 200; Thompson v. Payne, 21 Tex., 621.

STAYTON, ASSOCIATE JUSTICE.— This cause was before this court at the last term and is reported in 56 Tex., 479.

It was then remanded because there was no evidence directly showing that the defendants were aware of any want of intention by Mrs. Davis to pass the absolute title to the property in controversy by the instrument executed by herself and husband, and for want of certainty and clearness in the proof. It is claimed now, as it was upon the former appeal by the plaintiff, that the deed was executed solely to secure the defendants, in so far as it would do so, against their liability upon the bonds of N. T. Davis as sureties, and that it was intended by all parties simply as a mortgage, while by the defendants it is claimed that the instrument was intended for what it appears upon its face to be — an absolute conveyance.

On the former trial Nelson T. Davis did not testify, and the case for the plaintiffs rested upon the testimony of Mrs. Davis and two of the defendants.

On the last trial the plaintiffs rest their case upon the testimony of themselves, and the defendants upon the testimony of the defendants Baker and Brewster.

Each side testify unqualifiedly to a state of facts consistent with their respective pleadings.

Among other things, N. T. Davis testified as follows: "Baker, Brewster and Rice induced my wife to execute the deed by means of the statements, threats and promises which they made to me and which I have before stated, and which I truthfully and fully detailed to her in August, 1881. There was an understanding between Baker, Brewster, Rice and myself authorizing me to make these statements to my wife. They knew she was the owner of the property, and that it was necessary for her to sign the deed to it. Their statements were made to me with the intent and purpose that I should repeat them to her, and by such means frighten her and induce her to sign the deed. The deed was on its face an absolute conveyance, but it was delivered upon the condition that it was to be deeded back to my wife if nothing was obtained in judgment against said Baker, Brewster and Rice by the county or state. The deed was in no event to be an absolute sale to Baker, Brewster and Rice, or either of them, but was delivered to them by my wife and myself as a mortgage on the property, and was accepted by them on delivery with the distinct understanding that it was only a mortgage to secure them against the loss of any money they might be compelled to pay by reason of having become sureties for me on my official bond as tax collector of Harris county. I know the facts that I testify about, because I made the negotiations and transacted the business connected with the matter. Baker, Brewster and Rice did not pay any consideration for the property, neither did they, or either of them, ever agree to pay anything or give anything in consideration therefor. Nothing was ever said about a consideration of any kind. They have never paid any consideration since the deed was executed."

The first assignment of error which raises the question of the sufficiency of the evidence to sustain the verdict, in view of the disposition which will be made of the case, will not be considered.

The second assignment of error calls in question the correctness of a charge given at the request of the defendants, which was as follows: "No representations made by Davis to his wife to induce her to sign the deed in controversy are binding on the defendants, unless the representations so made were in accordance with the agreement or understanding between Davis on the one side, and Baker,

Brewster and Rice on the other, as to the purpose and object of the deed, or unless they authorized him to make such representations. If, therefore, you believe, from the evidence, that Mrs. Davis was induced to sign the deed by the representations of her husband that it was but a mortgage, or intended to operate only as a mortgage, you will find for the defendants, unless you further believe, from the testimony, that it was so understood and intended by Davis, Baker, Brewster and Rice before Davis made such representations to his wife, or that he was authorized by them to make such representations to her."

Under the evidence in the case, we are of the opinion that the court erred in giving the latter part of this charge; for the same would preclude the jury from considering the intent, understanding and purpose of the parties at the time the deed was delivered, unless Mrs. Davis was induced to make the deed, intending it as, and believing it to be, a mortgage, in consequence of representations made to her by her husband in accordance with a prior agreement between him and the defendants; or unless they authorized him to make such representations to the wife prior to the time he may have made them.

This instruction practically made the character of the instrument to turn upon the intention of the defendants and the husband, prior to the execution and delivery of the deed, and prior to the time the husband may have made representations to the wife which influenced her to execute the deed.

This was not the true inquiry. The real question was: with what intent did Davis and wife execute the instrument, which was not completed until its delivery, and with what intent did the defendants receive it?

If it was delivered and received with an intention and understanding between the parties that it should only be a security for the debt of Davis, then that is its true character, whatever contrary intention the defendants and Davis may have had prior to the time the instrument was delivered.

If there was no agreement between the defendants and Davis that the conveyance, although absolute in form, was to be in effect but a mortgage, and if there was no authorization by the defendants to Davis to represent to his wife that the instrument should be but a mortgage, yet, if he so represented to her, and she, relying upon such representation, executed the deed understanding and intending it to be only a mortgage, and it was afterwards delivered to the defendants by the husband, they having knowledge at the time

of the delivery that the wife only intended and understood it to be a mortgage, then mortgage it is; and the defendants could not, in such case, be heard to claim any other character for the paper. The testimony of Davis tends to show that the deed was delivered to and accepted by the defendants with a distinct understanding between them and Davis and wife that it should only be a mortgage.

Whatever may have been the prior agreement between Davis and the defendants, it was subject to alteration up to the time of the delivery of the deed, and the mutual intention of the parties at that time must give character to the instrument.

The charge of the court, given without request, was a fair and clear presentation of the case to the jury under the evidence, and what effect the charge given at request of defendants may have had upon the jury, we cannot know, for it was in conflict with the charge which the court had actually given, and withdrew most probably from the jury's consideration one of the most important inquiries in the case.

The court did not err in refusing to give the charge referred to in third assignment of error.

For the error of the court in giving the charge requested by the defendants, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 9, 1883.]