THE CITY OF GRAND RAPIDS v. FREDERICK R. LUCE
ET AL.

*Opening street—Public necessity—Damages—Evidence—Special
questions.*

1. The statements in *Detroit v. Daly,* 68 Mich. 503, 507, that, "if
the general and local benefits [in a street-opening case] do not
equal the value of the property taken, it cannot be taken,"
and that the theory of street opening is that "no street shall
be opened unless the benefit to the public is equal to the value
of the property taken," refer to the cost of the compensation
awarded to the land-owners, and not the cost of the whole
work of making the street passable or convenient for travel.
2. It is admissible to show in a street-opening case what other
lots in the immediate vicinity are held at by the owners, as
tending to show the value of the lots directly affected by the
improvement.
3. Where in a street-opening case witnesses place the damage to
each land-owner below the amount awarded, it cannot he said
that the jury ignored all of the testimony as to the value of the
property taken and the injury to that which is left.
4. It is not error to refuse to submit special questions to the jury
in a condemnation case; citing *Railroad Co. v. Campau,* 83
Mich. 31.

Appeal from superior court of Grand Bapids. (Bur-
lingame, J.) Argued April 5, 1892. Decided June 10,
1892

Street-opening case. Respondents appeal. Proceedings
affirmed. The facts are stated in the opinion.

*Reuben Hatch* and *Taggart, Wolcott & Ganson,* for
respondents.

*William Wisner Taylor,* for petitioner.

MORSE, C. J. The appellants bring to this Court the
proceedings in the opening of McDowell street, in the

city of Grand Rapids, from Jefferson avenue to Madison avenue, alleging error in such proceedings.

Before such proceedings were instituted, McDowell street existed as a public street from Jefferson avenue west to Buchanan street. From Jefferson avenue east to South Lafayette street, passing Cass street, the south half of the street had been opened by the platting of land-owners to a width of 33 feet. The lands of Frederick R. Luce and Gregory M. Luce lie on the north side of said 33 feet, between Jefferson avenue and South Lafayette street. The land of Frederick R. Luce, known in the proceedings as "Parcel 1 A," is 263½ feet in length and 33 feet in width. Parcel 1 B, owned by Gregory M. Luce, is 264½ feet long and 33 feet wide. Each one has left, when this land is taken, a strip of the same length as the one taken, and 13 feet in width; their lots originally being 50 feet wide. The land of George Widdicomb is on the south side of the proposed extension of McDowell street, and extends from South Lafayette street east to Terrace avenue. The strip to be taken from him is 33 feet in width and 234 feet in length. Frederick R. Luce was awarded as damages $1,850; Gregory M. Luce, $1,800; and Widdicomb, $2,200.

1. It was contended by the appellants that the route of the proposed opening from South Lafayette street to Madison avenue was not practicable for travel in its then condition, owing to the uneven surface of the ground; that to make it suitable for travel it would be necessary to grade it to a level with Terrace and Madison avenues, which grade would make a cut 66 feet wide and 4 to 5 feet deep for a distance of 234 feet, and 4 feet deep at Terrace avenue, gradually diminishing to Madison avenue, a distance of about 291 feet. It was claimed that the jury must find that the cost of the opening of the

proposed extension, added to the cost of such grading,
would not exceed the value of the benefit to the public,
in order to find that such opening was a public necessity.
Their counsel cite *Detroit v. Beecher,* 75 Mich. 454,
and *Detroit v. Daly,* 68 Id. 503, in support of this con-
tention, and aver that legitimate testimony bearing upon
this claim was ruled out by the superior judge, and that
his charge failed to instruct the jury properly in this
respect.

The counsel are in error as to the purport of the
decision in the two cases above cited. In *Detroit v. Daly,*
at page 507, it is said that, "if the general and local
benefits do not equal the *value of the property taken,* it
cannot be taken," and that the theory of street opening
is that "no street shall be opened unless the benefit to
the public is equal to the value of the *property taken.*"
This declaration was affirmed by an equally divided Court
in *Detroit v. Beecher,* Justices CHAMPLIN and LONG
dissenting. It will be seen by reading both the majority
and minority opinions in the case that it was the cost
of the compensation awarded to the land-owners, and not
the cost of the whole work of making the street passa-
ble or convenient for travel, that was referred to.

2. It is alleged that the superior judge erred in per-
mitting a witness to testify what one parcel of land
involved in these proceedings, but not belonging to any
of the appellants, was offered to him for about a year
before the trial. If this was error, it is not shown that
it affected the value of appellants' land unfavorably to
them. We think, however, that the evidence was com-
petent. It differs from *Perkins v. People,* 27 Mich. 386.
There the witness, who was the owner of the land, sought
to testify to an offer made him, which he did not accept,
and the evidence was offered to rebut evidence that one
Perkins, his neighbor, had offered adjoining land for

much less than he claimed to have sold it for. Here the offer was made to sell by one of the parties to this controversy, and such offer was admissible, as shown by the case of *Perkins v. People*, at page 388. We think it was also admissible to show what other lots in the immediate vicinity were held at by those who owned them, as tending to show value. If any error was committed, it was in favor of the appellants, as owners of land are seldom apt to hold their property, and offer to sell it, at less than its marketable value. There was no chance for collusion or bad faith in such offers, as pointed out that there might be in *Perkins v. People*.

3. It is insisted that there was no competent evidence to go to the jury showing the necessity of opening the street to the width of 66 feet; that 50 feet would have been ample. There is no merit in this contention.

4. The evidence showed that the parcels of land owned by Gregory M. and Frederick R. Luce, after the land for the proposed widening was taken, left only a narrow strip, 13 feet wide. The evidence also showed that the value of this strip would be greatly diminished by the proposed opening of the street. This is also evident to any one, without testimony, as lots only 13 feet wide would be of but little value to any one except adjoining land-owners. It is contended that the superior judge in his charge did not permit the jury to give any compensation for the damage to this remaining strip, unless they found that the same was rendered practically worthless by such taking of the land in the street; and it is further claimed that the verdict, when compared and considered with the testimony of value in the case, shows conclusively that the jury failed to give any damage for the injury to this strip. The court, in this respect, instructed the jury as follows:

"In considering the question of just compensation you should allow full value for the land taken, together with such extra expense as may be caused to the owner by reason of such occupancy, and also such damage as he may sustain from the injury to his remaining premises, if any. Your view of the premises is evidence in the case, as far as compensation is concerned. It is only evidence in connection with the other evidence. You cannot, on account of your view, fix damages at less than the lowest amount testified to before you here; neither can you go above the highest amount. No matter what effect your view of the premises may have upon your minds, you must keep yourselves within those limits. * * * If you find the land taken covers so much of respondents' lot or lots that only a narrow strip or strips are left, that are, to your minds, worthless, you are at liberty to give as just compensation the actual value of the entire lot or lots so taken, together with such other damages arising from such user as the respondents may suffer."

No fault can be found with this charge, and it is not open to the claim of appellants that it debarred the jury from giving any compensation for damages to the 13-foot strip, unless they found such strip to be worthless. The court plainly instructed the jury on this question, and correctly. The fact that he told them, in the latter part of the instructions quoted above, that they were *at liberty* to give appellants the value of the entire lots if the strips which were left were worthless, did not, in our opinion, mislead the jury so that they failed to act upon the first part of such instructions, in which the court charged that appellants were entitled to such damages as they might sustain from the injury to the remaining premises. A careful review of the evidence also satisfies us that the jury did not in their verdict ignore. all the testimony as to the value of the property taken, and the injury to the property left. There were witnesses who placed the damages in each case below the

amount awarded. It is for the jury, and not for the courts, to fix the amount of damages.

5. The counsel for the appellants submitted four special questions to the jury, to be answered by them. The court refused to submit such questions. There was no error in this, as section 7606, How. Stat., as amended by Act No. 15, Laws of 1885, does not apply to condemnation cases. *Toledo, etc., R. R. Co. v. Campau,* 83 Mich. 31.

The proceedings are affirmed, with costs of this Court to the city of Grand Rapids.

The other Justices concurred.