# Houston *v.* Western Washington Railroad Company, Appellant.

*Railroads—Eminent domain—Evidence—Declaration of owner as to value.*

The declarations of the owner of land as to its value, his offer of it at a fixed price, and sale of a portion of it, are evidence in condemnation proceedings on the question of damages, as constituting his estimate of the value.

Argued Oct. 21, 1902. Appeal, No. 121, Oct. T., 1902, by plaintiff, from judgment of C. P. Washington Co., Aug. T., 1900, No. 4, on verdict for plaintiff, in case of William B. Houston v. Western Washington Railroad Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Appeal from award of viewers. Before McIlvaine, P. J.

At the trial plaintiff was called as for cross-examination, and was asked this question :

" Q. Was that option on the whole farm ? "

Offer asked for and purpose.

I propose to prove by the witness on the stand that he gave one or more options on the ground which was crossed by the Western Washington Railroad at or about the time of the location of the road over this land, and that he sold a large part of land, including all that covered by the right of way of the railroad, immediately after the location and construction of the railroad, at a better price per acre than its value before the erection and location of the railroad ; and for the purpose of showing a greater market value in the land immediately after the location and erection of the Western Washington Railroad, than immediately before.

Objected to as incompetent and irrelevant and as not the proper measure of damages, and for the further reason it is not proposed to ask the witness the price at which the land was optioned before the occupation by the said railroad and the price at which it was optioned or sold after the construction of the road.

The Court: Objection sustained; offer overruled. I do not think that would be the proper measure of damages or throw any light on the issue here. On request of defendant exception allowed and sealed.

It is proposed to prove by the witness on the stand by way of cross-examination that for sometime prior to the location of the Western Washington Railroad over his land, he had been making efforts to sell his land and that his efforts culminated in an option, executed a short time before the location of the road, to prove what the price was as stipulated in the option, and that with all his special efforts that was the very best price that he was able to obtain in the market for his land; to prove also by him that a few weeks after the location of the road and before its completion, he sold a large part of the land to the same party, including the entire railroad track, and all that part of his farm, which his witnesses have said was injuriously affected by the location of the road.

The purpose being to show by this cross-examination, in connection with other testimony already in, that the price for which he actually did sell the land was more than the price he agreed to sell it for in the option. That to be followed by other testimony showing that that increased price was the direct result of the location of this railroad over this man's land, and that it arose from causes which were special to this farm and not general to the neighborhood, the ultimate purpose being to meet the testimony of the plaintiff already in, that the location of the road had depreciated the value of his farm, and also to aid the jury in determining how much the farm was worth immediately before the location of the railroad and how much it was worth immediately after the location, as affected by that railroad, and in that way aid them in determining whether this plaintiff is entitled to any damages, and, if so, how much.

Objected to as incompetent and irrelevant and as not the proper measure of damages. Also because the offer is argumentative; it asks the court to find facts not supported by the testimony. It does not offer to show the price at which the farm was sold—

We offer to show also and meant to include it in the offer as a part of the offer and for the same purpose, the price at which

he actually did sell the land immediately after the location of the road, and before its completion.

Objections renewed and objected to further for the reason that the offer does not meet the purpose for which it was made.

The Court: Objection sustained and offer overruled, and on request of defendant, exception allowed and sealed. [2]

Defendant offers in evidence the record of the deed from William B. Houston to Francis L. Robbins, dated June 11, 1900, conveying a certain tract of land situate in Chartiers township, Washington county, Pennsylvania, which is described.

Objected to as incompetent; this is the deed for the ninety-four acres. Purpose asked for.

The purpose is to show the date at which the title passed from William B. Houston.

The Court: How is that material to the case?

To show it is to be taken into consideration as part of the whole farm in estimating damages and that we are entitled to any benefits that arose on that part of the farm at that time.

The Court: There is no claim at all that you are not entitled to benefits when they are claiming they have been injured.

Offered for the further purpose of showing what the actual consideration was.

Objected to as incompetent and irrelevant.

The Court: Objection sustained and offer overruled. It does not make any difference what the land was sold at by the landowner after the land was taken and appropriated. [3]

*Errors assigned* were (2, 3) rulings on evidence, quoting the bill of exceptions.

*S. S. Robertson*, with him *M. L. A. McCracken* and *W. O. McNary*, for appellant, cited: East Brandywine & Waynesburg R. R. Co. v. Ranck, 78 Pa. 454; Orr v. Carnegie Natural Gas Co., 2 Pa. Superior Ct. 401; Hoffman v. Bloomsburg, etc., R. R. Co., 157 Pa. 174; Gilmore v. Ry. Co., 104 Pa. 275; Comstock v. Clearfield, etc., Ry. Co., 169 Pa. 582.

*A. G. Braden*, with him *C. W. Campbell*, for appellees.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1903:

The first and fourth assignments were abandoned on the argu-

ment of the case because the errors complained of were not assigned in accordance with the rules of court.

In the second assignment of error the appellant complains of the rejection of its offer to show the price at which the plaintiff optioned his land a short time before the location of the railroad and the price at which he sold a large part of it shortly after the road had been located and before its completion for the purpose, as we understand, of giving to the jury the plaintiff's own estimate of the value of the land at those dates, as evidence of the damages sustained by him in the construction of the defendant company's road over his land.    The offer was to be followed by testimony showing that the increased price was the direct result of the location of the railroad over the plaintiff's land and that it arose from causes which were special to this farm and not general to the neighborhood.    The third assignment alleges error in rejecting the deed, which was offered for the purpose of fixing the price at which that part of the premises was sold which the plaintiff's witnesses testified was injuriously affected by the location of the road.    This offer must be considered in connection with the testimony, the exclusion of which is complained of in the second assignment.

Declarations against one's interest, unless made with a view to an adjustment of the differences between the parties, are always admissible against the party making them.    For this reason the declarations or acts of a party showing his estimate of the value of his property at or about the time it is taken are evidence to his prejudice in proceedings to assess the damages for land taken under the right of eminent domain.    In 10 Am. & Eng. Ency. of Law (2d ed.), 1154, it is said : " Upon the ground that the admission of a party to his prejudice in a matter material to the issue is always competent, the admissions of the owners of property, the condemnation of which is sought, that the property had only a certain value, have been considered admissible."    And in Lewis on Eminent Domain, section 439, the author says :  " In regard to the proof of admissions of the parties, the same general rules apply as in other cases.    It is competent to prove the declarations of the owner of the property in question as to its value and the price at which he has offered to sell it, and other admissions which are pertinent to the issue."

But the question raised here has been considered and deter-

mined by this court.   In East Brandywine, etc., R. R. Co. v.
Ranck, 78 Pa. 454, a condemnation proceeding, it was held that
the declarations of the owner of the land as to its value, his of-
fer of it at a fixed price and sale of a portion of it, are evidence
on the question of damages, as constituting his estimate of the
value.   In that case we said, PAXSON, J.: " As evidence bear-
ing upon the value of this property, Ranck's own declarations
were certainly competent when offered by the company.   His offer
of it at a fixed price and the sale of a portion of it were facts
proper to go to the jury as constituting his estimate of its value.
It is true the sale of a portion of the property does not fix with
certainty its market value as a whole, but it is an element fair
to be considered by the jury.   If one half of the property had
been sold for more than he had valued the whole of it prior to
the opening of the road, surely the jury would have a right to
consider such a circumstance in passing upon his claim for dam-
ages."

The offers should have been more explicit and the purpose of
the proposed evidence more clearly stated, but as we understand
the offers, the testimony should have been admitted.   As said
in the opinion in the Ranck case, " while the evidence referred
to was not conclusive, nor perhaps very important, it ought
not to have been excluded."

The second and third assignments of error are sustained, and
the judgment is reversed with a venire facias de novo.