## Kaufman, Appellant, *v.* Pittsburg, Carnegie & Western Railroad Company.

*Railroads — Eminent domain — Land damages — Evidence — Declaration against interest—Compromise—Location.*

Where, prior to the location of a railroad, a landowner through whose land the preliminary surveys have been made, writes a letter to a representative of the railroad company, offering to sell the land at a certain price, the letter is evidence on behalf of the railroad company in a subsequent proceeding for the condemnation of the land, as a declaration by the landowner against interest. The letter having been written prior to the location of the road, and proposing to sell the fee cannot be rejected on the ground that it was written in the course of negotiations for compromise, where the letter itself negatives the claim that the offer contained in it was by way of compromise. Until the railroad is actually located, there can be no disputed right to compromise.

Owners of property, about to be taken by a railroad company, are bound by declarations as to value or offers to sell at a specified price, made at or about the time of the taking; but offers made in the course of negotiations for the compromise of a claim for damages are not to be shown.

An offer to show that the plaintiff in a railroad condemnation proceeding at the time of writing a letter offering to sell his land to the railroad company had nothing to do with the property or its management and also to show why he subsequently withdrew the proposal to sell is properly rejected.

*Appeals—Assignments of error—Charge of court—Practice, C. P.—Request for charge.*

Error cannot be assigned of what was not said by the trial judge, without a request to so charge.

*Appeals—Assignment of error—Charge of court—Practice, C. P.—Assign-ment of error to entire charge.*

An assignment of error to the entire charge of the court, without pointing out any specific error will not be considered by the appellate court.

*Railroads—Eminent domain—Location—Directors.*

Preliminary surveys of a railroad do not constitute a location. The act of location of a railroad is the selection and adoption of a line by the board of directors of the company.

*Appeals—Assignments of error—Evidence—Letter—Rule 31.*

An assignment of error to the admission of a letter in evidence which does not set forth the letter, does not comply with rule 31 and is defective.

Argued October 31, 1904.    Appeal, No. 192, Oct. T., 1904, by plaintiff, from judgment of C. P., No. 1, Allegheny Co., Dec. T., 1902, No. 646, on verdict for plaintiff, in case of W. G. Kaufman v. Pittsburg, Carnegie and Western R. R. Co. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.    Affirmed.

Proceedings to assess the value of a piece of land taken by the defendant railroad company.    Before COLLIER, J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $32,700.    Plaintiff appealed.

*Errors assigned* were (1–4) certain rulings on evidence; (5, 6) to the answers to points; (7) that the charge was unfair to the plaintiff.

*James E. O'Donnell*, for appellant.—The court erred in not permitting the plaintiff to prove, prior to the admission of his letter, that it was written in the course of negotiations looking to a settlement of the damages and that the offer in it was by way of compromise: Spence v. Spence, 4 Watts, 165; Tryon v. Miller, 1 Whart. 11; Orr v. Gas Co., 2 Pa. Superior Ct. 401.

Declarations against interest are not admissible when made with a view to an adjustment of the difficulties between the parties: Houston v. Railroad Co., 204 Pa. 321.

*W. M. Lindsay*, with him *A. M. Neeper*, for appellee.—Dec-

larations against interest are always admissible : East Brandy-
wine, etc., Railroad Co. v. Ranck, 78 Pa. 454; Houston v.
Railroad Co., 204 Pa. 321.

OPINION BY MR. JUSTICE POTTER, December 31, 1904:
This was a proceeding to assess the value of a piece of
ground situated on the south side, Pittsburg, fronting about
fifty-three feet on Carson street and extending back about
300 feet to the line of the Pittsburg & Lake Erie Railroad.

The ground was taken by the Pittsburg, Carnegie and
Western Railroad Company under the right of eminent do-
main, for railroad purposes. Upon petition of Mr. Kaufman,
on October 13, 1902 viewers were appointed, but subsequently,
on September 28, 1903, the parties filed an agreement waiving
viewers and stipulating that the case be proceeded with pursuant
to the Act of May 31, 1895, P. L. 89. A statement and plea
were filed, and on December 7, 1903 the case was put upon
trial before a jury. The verdict was in favor of the plaintiff
for $32,700, upon which judgment was duly entered, and from
this judgment the plaintiff appealed.

Upon the trial it was stipulated that the title to the property
in suit on the date of the taking was in William G. Kaufman,
the plaintiff, in fee ; that the taking occurred on or about Sep-
tember 1, 1901; and that plaintiff, upon a verdict being ren-
dered in the case, would convey the whole property in fee. The
question tried, therefore, was the value of the fee in the prop-
erty taken.

Upon the trial each party called a number of expert wit-
nesses who testified as to the value of the land, their estimates,
as is usual in such cases, varying widely. The defendants of-
fered in evidence a letter written July 4, 1901, by the plaintiff
to J. W. Patterson, a representative of the defendant com-
pany, in which he stated that after full consideration he had
decided that his original proposition of $600 per foot front was
a reasonable price for the property. That the Lake Erie Rail-
road wanted it and he had offered it to the land agent of that
company at the same price. That $600 a foot was his price,
and whichever company wanted it at the figure would get it.

Plaintiff's counsel objected to the admission of the letter in
evidence and offered to prove by the plaintiff " that the letter

was written by him in the course of negotiations between him and the company for the agreeing upon the amount of damages sustained by him in the appropriation of his property." This offer was objected to and the objection was sustained, the court saying : "At this time the offer cannot be allowed; at the proper time it may be." The exclusion of this offer is the ground of the first assignment of error. Subsequently, in rebuttal, the witness testified that prior to the letter he had negotiations with Mr. Patterson, on behalf of the railroad company, about the sale of property, and the letter was written in the course of those negotiations.

The letter was admitted in evidence and its admission is the ground of the second assignment of error. This assignment does not contain a copy of the letter and is therefore not in compliance with rule 31. While the assignment is thus defective and might for that reason be dismissed, yet as the admissibility of the letter of July 4, 1901, as an admission by the plaintiff of the value of his own land, made against his interest, is the main question raised by this appeal, we have not disposed of the case upon a technicality, but have considered the merits of the questions raised by the first and second assignments.

It is to be noted that the plaintiff, when called in rebuttal, failed to show that the letter, exhibit 1, was written by him in the course of negotiations between him and the company for an agreement on the amount of damages sustained in the contemplated appropriation of his property. He showed rather that the negotiations during which the letter was written were in furtherance of a sale of the property and not in settlement of damages. He testified as follows and this was the whole of it upon that point:

"Q. Prior to this letter had you any negotiations with Mr. Patterson on behalf of the railroad company, about the sale of this property? A. Yes, sir. Q. And was this in the course of that negotiation? A. Yes, sir."

According to the stipulation filed, the condemnation was not until September 1, 1901, while the letter was dated July 4, 1901 and it referred to the price named in the letter as having been first named before that time. While the plaintiff had his opportunity to show upon rebuttal, if he could, that the letter was

written during the course of negotiations as to the damages for the appropriation, he clearly failed to do so, and instead showed affirmatively an offer by himself to sell at a specified price, previous to the time of the taking. The very fact that in his letter he stated that a rival company wanted the property, and that he would sell to them if they first accepted his offer, showed that he did not consider that his ground had then been appropriated, but felt free to negotiate for its sale with the first party who would pay his price. The letter itself negatives the claim that the offer contained in it was by way of compromise. In fact there is no suggestion of any compromise whatever about it. Apparently he was restating his conviction that the price before that time fixed by him upon the ground, was reasonable, and he declined to recede therefrom, or make any more favorable offer. Compromise involves the idea of partial surrender or mutual concession. No such idea appears in the letter. Its language is not that of a litigant, or even of one contemplating litigation, and seeking to settle a disputed right. It portrays rather the keen business instinct which sets the desire of one prospective purchaser against that of another. Owners of property are bound by declarations as to value or offers to sell at a specified price, made at or about the time of the taking. But offers made in the course of negotiations for the compromise of a claim for damages, are not to be shown, even as all other offers made by way of compromise of disputed rights are excluded. In a case such as the present the right of the owner to sue for damages accrues when the railroad is located: Davis v. Titusville, etc., Railway Co., 114 Pa. 308. And it is not until that point is reached, that any foundation exists upon which to base a disputed claim. Until that time all negotiations looking toward acquiring the property are upon the basis of purchase and sale, and nothing more. The attitude of the parties in no way differs from that of individuals dealing with each other. The mere fact that the railroad may subsequently exercise its power of eminent domain is of no consequence. Such power may never be used. Until the location is made, there is no appropriation, and until there is, there can be no disputed right to compromise. We see no merit in the first and second assignments of error and they are dismissed.

When the plaintiff was called in rebuttal, he was asked

whether he had anything to do with the property, or the management of it, for some time prior to his letter. Objection to this question was sustained and its exclusion is the subject of the third assignment of error. The inquiry was entirely irrelevant and was properly excluded.

Plaintiff's counsel offered in evidence a letter written by him to Mr. Patterson, dated August 28, 1901, withdrawing his offer to sell at $600 per front foot, and then asked plaintiff what had happened to cause him to withdraw the proposition. Objection to this question was sustained and its exclusion is the subject of the fourth assignment of error. Plaintiff had a perfect right to change his mind, and his reason therefor was of no consequence. The court below very properly said in overruling the question: "It is enough to show that the proposition was not accepted, that it was withdrawn, and the circumstances under which the letter was written."

The fifth and sixth assignments of error are based upon the answers of the court to the defendant's points, and to a question asked by a juryman. No specific exception was taken to either of these answers and the alleged error is not that the answers were erroneous but that the court failed to make certain additional statements in connection with the answers, which the plaintiff had not specifically requested should be made. Error cannot be assigned of what was not said by the judge below, without a request so to charge : Burkholder v. Stahl, 58 Pa. 371.

The seventh assignment of error is that the charge as a whole was unfair to the plaintiff in not stating as well that which made in his favor as that which made against him.

An assignment of error to the entire charge of the court, without pointing out a specific error, will not be considered by this court: Drenning v. Wesley, 189 Pa. 160 ; Fitzpatrick v. Union Traction Co., 206 Pa. 335, 337.

The appellant has printed in his paper-book certain depositions taken in support of a new trial, for the purpose of showing that the defendant company had entered upon plaintiff's land for the purpose of making a survey, in April, 1901, and also the negotiations between plaintiff and Mr. Patterson. But these depositions were not in evidence on the trial and form no part of the record. But even if the question was

properly before us, the preliminary surveys do not constitute a location. The act of location of a railroad is the selection and adoption of a line by the board of directors of the company: Johnston v. Callery, 184 Pa. 146. The question involved in the present case was carefully and impartially submitted to the jury, and the plaintiff has had the benefit of the best judgment of that body as to the fair market value of his property.

The assignments of error are all overruled and the judgment is affirmed.