## McCARTHY v. BLACKWELL.

(Court of Civil Appeals of Texas. Dallas. Jan. 17, 1914.)

1. APPEAL AND ERROR (§ 216*) — INSTRUCTIONS—DUTY TO REQUEST.

Where the charge is not affirmatively erroneous, the defeated party cannot complain, unless he offered and requested a more ample charge.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 628.]

2. EVIDENCE (§ 113*)—VALUE.

In a suit to recover the value of household furniture converted by defendant, testimony by defendant and another witness as to the market value of such property will not preclude plaintiff from testifying as to the value of the furniture to her, where other witnesses testified that such furniture had no regular market value and would bring just whatever secondhand dealers were willing to pay for it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. § 113.*]

3. APPEAL AND ERROR (§ 1170*)—REVIEW—HARMLESS ERROR.

Under Rule 62a for the Court of Civil Appeals (149 S. W. x), providing that no judgment shall be reversed on any error, unless it was calculated to injure the appellant, the judgment in a suit for the conversion of property will not be reversed because plaintiff was improperly allowed to testify as to the value of the property to her, where the verdict did not assess the damages at her estimate, but assessed them at the estimate given by other witnesses.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

Action by Mrs. Ruth Blackwell against C. C. McCarthy. From judgment for plaintiff, defendant appeals. Affirmed.

H. H. Cummins, of Denison, for appellant. C. Huggins and McReynolds & Hay, all of Sherman, for appellee.

TALBOT, J. This suit was instituted by the appellee against appellant to recover the value of certain household and kitchen furniture alleged to have been converted by the appellant to his own use. Defendant answered by a general denial and specially pleaded that plaintiff was indebted to him in the sum of $125; that plaintiff was unable to pay said sum, and made defendant a proposition to turn over to him the property in controversy in payment of said debt, which he accepted and plaintiff made him a bill of sale therefor. Plaintiff, in reply to defendant's answer, denied under oath that she ever executed a bill of sale to defendant for her furniture as alleged by him, and averred that if defendant had any such bill of sale the same was not executed by her or by her authority. A trial on the 4th day of April, 1913, resulted in a judgment in favor of plaintiff for the sum of $300, and defendant appealed.

[1] Appellant's first assignment complains of the first paragraph of the court's charge, and asserts that the charge is erroneous in that it submitted only appellee's contention to the jury. The charge has been examined with the conclusion reached that it is not affirmatively erroneous, and that, as appellant failed to ask a fuller charge, he is in no position to complain. Besides, looking to the entire charge of the court, we find that the whole controversy between appellant and appellee was submitted to the jury for their determination.

[2] The second and fourth assignments of error are presented together in the brief, and complain of the court's charge on the measure of damages and the admission of certain testimony as to the value of the furniture involved in the suit. The proposition under these assignments is that, "it being shown that there was a cash market value for the property in question, the court erred in permitting plaintiff to testify over defendant's objection what the property was worth to her, and in not submitting that plaintiff's recovery, if at all, should be the reasonable cash market value of the goods in question." We do not think the evidence sustains the contention that the furniture in controversy had a cash market value. It is undisputed that the furniture was secondhand furniture, and the only testimony offered that tended to show that it had a "cash market value" is that of the appellant and the witness Andy Burch. The appellant said: "I am acquainted with the cash market value of secondhand furniture such as was turned over to me by plaintiff in satisfaction of my debt, and in my opinion the same was worth seventy-five ($75.00) dollars." The witness Burch testified on direct examination as follows: "I live in Denison and am engaged in the secondhand furniture business. I knew the furniture in question and am acquainted with the reasonable cash market value of the same in Denison. I think it is reasonably worth $75." On cross-examination, this witness stated: "There is no established market for

secondhand furniture. When it is sold it just brings whatever the furniture dealer is willing to pay for it." The witness D. K. Thompson and other witnesses merely testified, in substance, that they were acquainted with the reasonable cash value of the furniture in the city of Denison, stating such value. Appellant, as shown by his testimony, does not state the furniture had a cash market value, but simply assumes that it had such value and that he knew what it was. This we think was insufficient to justify, in the face of the other testimony upon the subject, the conclusion that the furniture had a cash market value. Unless such conclusion was warranted by the evidence, then the admission of the testimony complained of by the assignments under consideration, and the form of the court's charge did not constitute material error.

[3] At all events, we think this testimony was not reasonably calculated to cause and probably did cause the rendition of an improper verdict and judgment, and, unless it did, its admission furnishes no sufficient grounds for a reversal of the case. Rule 62a (149 S. W. x). That the jury did not accept as the amount of the damages suffered by appellee what she said the furniture was worth to her is shown by their verdict. Appellee testified that the furniture was worth to her $500, whereas, the amount of damages awarded her is $300, which another witness testified was the value of the furniture, and it is not assigned that the verdict is excessive. The record, as corrected by the agreement of the parties filed, shows that the court did not charge the jury as asserted in the third and last assignment of error, and this assignment therefore presents no error and will be overruled.

The evidence sustaining the verdict, and no reversible error being shown, the judgment of the court below is affirmed.

Affirmed.