## NORTON et al. v. LEA.　(No. 323.)

(Court of Civil Appeals of Texas. Waco. March 25, 1926.)

1. **Evidence** ⊕⟶**317(15)—Evidence of intention of witness in execution of deed and reasons therefor, based on representations made by defendant when witness was not present, held hearsay.**

In action for proceeds of land, alleged to have been deeded to defendant as security for debt, evidence of intention of one grantor thereof in execution of deed and reasons therefor, based on representations made by defendant when witness was not present, *held* hearsay.

2. **Mortgages** ⊕⟶**37(1)—Evidence of value of land from 1901 to 1905 held admissible on issue as to whether deed was intended to be a mortgage.**

In action for proceeds of land, alleged to have been deeded to defendant in 1905 as security for debt, evidence as to market value and general condition of the land from 1901 to 1905, *held* not too remote, and was pertinent to issue as to whether deed was a mortgage.

3. **Appeal and error** ⊕⟶**1050(1)—Admission of evidence that plaintiff's vendor offered land to witness at price materially smaller than recited in deed to plaintiffs, if error, held not reversible, where it was too remote to be of probative value.**

In action for proceeds of land, alleged to have been deeded to defendant in 1905 as security for a debt, admission of evidence that shortly before plaintiffs purchased lands vendor had offered them to witness at a smaller sum, if error, *held* not reversible; such evidence being too remote to be of probative value.

4. **Evidence** ⊕⟶**113(1).**

When there is evidence showing that property has no market value, parties may introduce evidence to prove its actual value.

Appeal from District Court, Robertson County; W. C. Davis, Judge.

Action by Lora Norton and others against P. J. Lea. Judgment for defendant, and plaintiffs appeal. Affirmed.

W. W. Ballew, of Corsicana, and F. A. Woods, of Franklin, for appellants.

---

Richard & A. P. Mays, of Corsicana, and Ben L. Parten, of Franklin, for appellee.

GALLAGHER, C. J. This is a suit by F. W. Norton and the surviving wife and heirs at law of his son, W. H. Norton, deceased, appellants herein, against P. J. Lea, appellee herein, to recover 925 acres of farming land situated in Robertson county, Tex., and also certain personal property used in operating the same, or, in the alternative, to recover the proceeds of the sale of said property, less an admitted indebtedness to appellee. This is the second appeal. On the first trial there was a verdict and judgment for appellee. This judgment was reversed on appeal on account of errors in the charge. Norton v. Lea, 170 S. W. 267.

The property involved herein was conveyed by F. W. Norton and his son, W. H. Norton, now deceased, to P. J. Lea, in January, 1905. Appellants claimed that said conveyances, while absolute in form, were intended merely to invest the grantee with the legal title to the property described therein in trust to secure their indebtedness to him and to authorize him to operate the farm and to dispose of all of said property for the mutual benefit of both parties thereto, and, after discharging the debt of the grantors to him, to return the net surplus to them. Appellee claimed that he purchased all of said property in consideration of the full satisfaction, surrender, and cancellation of said indebtedness owed to him by said grantors and secured by liens on said property, and that said conveyances were intended to be absolute in effect, as well as in form, and to evidence a completed sale of said property to him.

There was a trial before a jury. The contention of the respective parties was submitted by the court for the jury's determination in the following form: .

"Was it understood and agreed by and between W. H. Norton and F. W. Norton and P. J. Lea at the time of the execution of the deed by the said W. H. and F. W. Norton to P. J. Lea on January 2, 1905, conveying said 925 acres of land in Robertson county, Tex., that the said P. J. Lea should take charge of said land, and all teams, implements, etc., on said land, and manage and cultivate said land, and to have all the revenues and rents from same in lieu of the interest on the amount due said P. J. Lea by said W. H. and F. W. Norton, and that the said P. J. Lea should put said farm in good condition and afterwards to sell same, together with all teams, tools, and implements received by Lea from the Nortons, and pay to said W. H. and F. W. Norton the amount received therefor, less the amount due said P. J. Lea by the said W. H. Norton and F. W. Norton?"

The jury answered said issue in the negative. Appellants did not object to the manner in which the case was submitted to the jury; neither did they request the submission of any special issues. The court gave a special charge at their request. No other

charges were requested by them. All other issues submitted were made dependent on an affirmative answer to the issue above quoted. Since it was answered in the negative, no other issue was answered. The court rendered judgment in favor of appellee, and said judgment is here presented for review.

Appellants contend as grounds for reversal that the verdict of the jury was without support in the evidence. The evidence was sharply conflicting. We have examined the same, and are of the opinion that the finding of the jury on the issue submitted is sufficiently supported by the evidence.

[1] Appellants contend that the judgment should be reversed because the court excluded the testimony of F. W. Norton, one of the appellants, offered by them, as they state, for the purpose of showing his intent in executing the deed of conveyance to appellee here under consideration and his reason for doing so. The substance of the testimony excluded was that he, the said witness, and the said W. H. Norton, now deceased, were joint owners of all the property so conveyed; that he signed the deed conveying the land to appellee because his said son told him that appellee had agreed that, if they would put the title to the farm in his name and turn it and said property over to him, he would manage and operate the same until a sale could be made, and that he would accept the revenue arising from such operation for his services, expenses, and current interest, and that upon the sale of said property he would turn over to them the surplus proceeds of such sale after satisfying their indebtedness to him; that he, said witness, signed said deed upon such representation; and that he relied thereon in doing so and would not have signed the same for delivery as an absolute conveyance. It was shown in this connection by said deposition that appellee was not present at the time these representations were made to said witness, nor at the time he signed said deed, and that he personally had no direct dealings with appellee; that all he testified about was done through his said son. The court qualified the bill of exception complaining of the exclusion of said testimony by stating that it affirmatively appeared that said witness had no personal knowledge of the matters about which he sought to testify and that his only means of knowledge was what his said son had told him, and his testimony was therefore hearsay. The character of the instruments under consideration with reference to being conveyances of the property described therein in fee, as contended by appellee, or in trust, as contended by appellants, is to be determined by the intent with which the grantors executed and delivered and the grantee received the same. Secret intentions on the part of said witness, not disclosed upon the face of the deed, and not known to the appellee at the time he accepted delivery of the same, were not admis-

sible nor entitled to be considered in determining such issue. Gray v. Shelby, 18 S. W. 809, 83 Tex. 405; Davis v. Brewster, 59 Tex. 93, 97.

[2] Appellants complain of the action of the court in permitting A. S. Lane and certain other witnesses to testify over their objection to the market value and general condition of the land and property involved' in this suit from 1901 to 1905. The evidence disclosed that said F. W. Norton and his son, W. H. Norton, purchased the farm involved in this suit in December, 1902, from John C. Roberts, for a recited consideration of $16,000; that a few days later they executed a deed of trust thereon to secure appellee in the payment of a note for $11,200, bearing 10 per cent. interest from date and payable January 1, 1906; that they operated said farm during the years 1903 and 1904; that to enable them to do so they borrowed an additional sum of between $1,500 and $1,600 in money from appellee, and secured the same by a lien on said property; that they also secured an indebtedness to appellee of more than $2,000 arising out of another transaction by a lien on said property; that they were unable to pay interest on any of said indebtedness during either of said years; that they were indebted to other parties and had secured the same by a chattel mortgage on the personal property; that appellee was pressing for some payment on his indebtedness during the summer of 1904 and threatening to declare the entire amount thereof due, unless interest and arrearages were paid; that they then gave him another lien maturing that fall on all the personal property and the crops of that year. The conveyance by the Nortons to Lea was dated January 2, 1905. It recited a consideration of $10,000 cash and the cancellation of all of the above indebtedness, except the $2,000 item growing out of another transaction. The recited cash consideration was never paid; nor is it claimed that there was any understanding or agreement that it should be paid. Appellants contended that the property so conveyed to appellee greatly exceeded in value the amount of the indebtedness owed by the Nortons to him. This contention was strenuously urged as a circumstance tending to show that said property was conveyed in trust, as contended by them. They introduced a considerable volume of evidence in support of this contention. The witness Lane and all the other witnesses referred to in appellants' bill of exception on this issue testified that they were acquainted with the value of the land from 1902, the date of the sale of same by Roberts to the Nortons, to 1905, when the Nortons conveyed it to appellee. Most of them testified that there was either no change in the value during that time or that there was a slight depreciation in value during said time. They also testified that farming operations were unprofitable

during said 2 years on account, in part, of the ravages of the boll weevil. There is no complaint that the witnesses giving such testimony were not qualified to testify on such issue. Such testimony covered but a little over 2 years prior to the date of the conveyance and delivery of said property to appellee. We do not think that any part of the period covered was too remote and we think such evidence was pertinent to the issue under consideration and admissible for consideration by the jury in passing upon the same. Norton v. Lea,. 170 S. W. 267, 269.

[3, 4] The only other matter presented as ground for reversal is a contention that the court erred in admitting over the objection of appellants the evidence of the witness Watson that, a short time before said Nortons purchased the land here involved from Roberts, he had offered the same to said witness for $10,000, a materially smaller sum than the recited consideration in the deed to said Nortons. The only objection urged . to said testimony at the time was that it was immaterial, irrelevant, and prejudicial. The gist of the contention urged in this court is that the price asked by the owner in an offer to sell property belonging to him, when offered in evidence on an inquiry as to value, is admissible only against him and as an admission by him against his interest, and that such offer is therefore not admissible in evidence against a subsequent vendee of such owner. The evidence objected to should, of course, be considered in the connection in which it was introduced. The witness Watson testified, in substance, that said Roberts offered to sell him the place for the amount above stated. He further testified, however, in that direct connection that he had known said land for more than 15 years at that time; that when said offer was made he got in his buggy, went to the place and inspected it, driving all over the same, and that after doing so he told Roberts he did not want it at all. While there was testimony that said land had a market value during said years, there was affirmative testimony that during said years there were no sales of land in that neighborhood and that said tract did not have a market value. When there is evidence showing or tending to show that the property under consideration has no market value, the parties have a right to introduce evidence to prove its actual or intrinsic value. Felker v. Hyman (Tex. Civ. App.) 135 S. W. 1128, 1130; T. & P. Ry. Co. v. Ellerd, 87 S. W. 362, 363, 38 Tex. Civ. App. 596; H. & T. C. Ry. Co. v. Crowder (Tex. Civ. App.) 152 S. W. 183, 184, 185; G., H. & S. A. Ry. Co. v. Powers, 117 S. W. 459, 461, 54 Tex. Civ. App. 168. The rule for determining. actual or intrinsic value is expressed in 10 R. C. L. p. 956, as follows:

"Where the subject-matter of sale has no market value, the latter is peculiarly for the jury to determine, and whatever seems calcu-

lated to aid them in reaching a correct conclusion should be submitted for their consideration. Recourse may be had to the items of cost and its utility and use, and the opinion of witnesses properly informed on the subject may be given in respect to its value."

See, also, Abbott's Trial Evidence (2d Ed.) pp. 378-380; G., H. & S. A. Ry. Co. v. Davis, 1 White & W. Civ. Cas. Ct. App. § 147; G., H. & S. A. Ry. Co. v. Watson, 1 White & W. Civ. Cas. Ct. App. § 813; A. T. & S. F. Ry. Co. v. Veale, 87 S. W. 202, 203, 39 Tex. Civ. App. 37; G., C. & S. F. Ry. Co. v. Jackson & Edwards, 89 S. W. 968, 970, 99 Tex. 343.

The price at which an owner offers his property for sale has been frequently held admissible against him as an admission against interest. Springer v. City of Chicago, 26 N. E. 514, 135 Ill. 552, 12 L. R. A. 609, 613, 614; Kaufman v. Pittsburg C. & W. R. Co., 60 A. 2, 210 Pa. 440; Houston v. Western Washington R. Co., 54 A. 166, 167, 168, 204 Pa. 321; Phelps v. Root, 63 A. 941, 944, 78 Vt. 493. It has also been held that such offers are admissible only when such owner is a party to the controversy in litigation. O'Brien v. Schenley Park & H. Ry. Co., 45 A. 89, 91, 194 Pa. 336; 13 Ency. Evidence, p. 454. Such offers, however, have been held admissible in evidence as constituting in themselves circumstances tending to show actual value. City of Grand Rapids v. Luce, 52 N. W. 635, 636, 92 Mich. 92; Watson v. Milwaukee & M. R. Co., 15 N. W. 468, 57 Wis. 332; 13 Ency. Evidence, p. 453.

The evidence complained of amounted to something more than a mere offer to sell at the price stated. It showed that the witness in response to such offer made an examination of the land in some detail and after such examination declined to purchase. Very great latitude was allowed by the court to both parties in introducing in evidence circumstances tending to show the value of said land in January, 1905, when the Nortons conveyed the same to appellee. Appellants in this connection were allowed to prove that their attorney had advertised the land for sale and had several advantageous offers therefor. They were also permitted to prove that two of said offers were each for $25,000 or more. They were further permitted to prove the details of said offers and why no sale was effected. The real issue was whether the conveyance from the Nortons to appellee was in fee or in trust. The value of the property at the time was merely a circumstance intended to aid the jury in determining the real issue. The evidence here considered was offered as a circumstance tending to show such value. It occurred more than 2 years prior thereto and was at most only a remote circumstance and of little probative force. We do not find it necessary to determine whether the transaction between said witness and Roberts when considered as a whole was properly admitted or not. If it was not admissible, we are of the opinion that it was of such slight probative force that it cannot be said that it was reasonably calculated to cause, or that it did probably cause, the rendition of an improper verdict and judgment. Such being the case, its admission was not in any event reversible error. McCarthy v. Blackwell (Tex. Civ. App.) 162 S. W. 1163, 1164.

The judgment of the trial court is affirmed.