**GULF, COLORADO AND SANTA FE RAILWAY COMPANY, Appellant,**

v.

**Effie L. HANKS et vir, Appellees.**

**No. 15858.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 13, 1957.

Rehearing Denied Jan. 10, 1958.

Wigley, McLeod, Mills & Shirley, Galveston, Fred H. Minor, John Sullivan and T. B. Davis, Denton, Burford, Ryburn, Hincks & Ford and Robert E. Burns, Dallas, for appellant.

Coleman & Whitten and Earl L. Coleman, Denton, for appellees.

RENFRO, Justice.

This is an appeal from a judgment in a condemnation suit.

The appellant, Gulf, Colorado and Santa Fe Railway Company, filed suit for a right of way across land of appellees, E. E. Hanks and wife. We use the term "appellee" in reference to Mr. Hanks. The

jury found a value of $2,437 for the 3.22 acres taken by appellant. No complaint is made of such finding. The jury found that the remaining 58 acres of land had a reasonable market value of $43,500 before and $29,000 after the taking of the 3.22 acre tract.

Appellant presents as error in related points the refusal of the court to allow appellant to introduce testimony that appellee, subsequent to the taking, offered the remaining land for sale at fixed prices and listed it for sale with real estate agents at fixed prices; that appellee had entered into an oral sales agreement to sell the land, had an opportunity to sell, and breached his agreement.

Witness Williams, called by appellees, testified the 58 acres were worth $900 per acre before and $500 per acre after the taking, or a reduction in value of $400 per acre. Witness Ritter, also called by appellees, testified to a before value of $750 per acre and an after value of $450 per acre, or a reduction of $300 per acre. Appellee testified the land had a value of $1,000 per acre before and $500 per acre after the taking, being a reduction of $500 per acre. Fulton, witness called by appellant, testified to a value of $650 per acre before, and $650 or more after the taking. The witness Hamilton testified to a value of $675 per acre before and $675 or more after the taking. The jury's findings of value before and after, when applied per acre, show the jury believed the remaining 58 acres of land had a per acre value before the taking of $750 and after the taking $500, or a reduced market value of $250 per acre.

In the absence of the jury the appellee testified that after the railroad was built he told a Mrs. Brown, a real estate agent who had a prospective buyer, he would sell the entire 58 acres for $2,000 per acre. No sale resulted. At about the time the railroad was completed, a real estate dealer named Ritchie approached him a number of times, informed appellee he was in contact with a Mr. Rayzor in regard to buying

the land. Appellee put a price of $1,250 per acre, or a total of $72,500, on the land and told Ritchie he would sell for that amount. Ritchie later informed appellee that Mr. Rayzor would take the land at $1,250 per acre. Appellee never did talk to Newton Rayzor, the proposed buyer. He had no written agreement with Ritchie. The examination and cross-examination of appellee for the purpose of the bill of exception fills 53 pages of the statement of facts. Much of said testimony was in explanation of the offers to sell. At the conclusion of such testimony appellant sought permission to tender to the jury the testimony regarding the listing with the agent, the subsequent agreement to sell for $72,-500, and the testimony regarding the conversation with Mrs. Brown. The court excluded all the evidence.

The witness Ritchie, in the absence of the jury, testified appellee told him he could sell the land; appellee first quoted a figure of $1,000 per acre, but when witness told appellee the Rayzors would take it, appellee said he would not take $1,000 per acre, but would take $1,250 per acre; the Rayzors agreed to buy at the latter figure and appellee gave them a seven day option to close the deal; appellee, Fred Rayzor and witness agreed to meet in an attorney's office the next morning to prepare the contract; during the conference, Fred Rayzor told appellee three times he was ready to pay for the land.

Appellant offered the testimony separately and as a whole, then asked, " * * * the Court is ruling out not only the evidence as a whole, but each and every part of it separately and individually?", to which the Court replied, "Yes, sir, I guess that is what it amounts to."

An admission is defined in Texas Law of Evidence, McCormick and Ray, Second Ed., Vol. 2, p. 16, "as any statement made or act done by one of the parties to any action or on his behalf which amounts to a prior acknowledgment by such party that one of the facts relevant to the issues

is not as he now claims." As a general rule, admissions of a party are admissible against him. Condra v. Grogan Mfg. Co., Tex.Civ.App., 228 S.W.2d 588, affirmed 149 Tex. 380, 233 S.W.2d 565; McLean v. Hargrove, Tex.Com.App., 139 Tex. 236, 162 S.W.2d 954.

■ The admissions of a party are specially valuable when clearly established. The weight and probative force to be given particular admissions is a matter for the trier of the facts. Texas Law of Evidence, McCormick and Ray, Second Ed., Vol. 2, p. 28; Gulf, C. & S. F. Ry. Co. v. Combes & Rector, Tex.Civ.App., 80 S.W. 1045.

■ Rather generally, a landowner's offer to sell the land for a certain amount has been considered to be admissible in evidence against him as constituting an admission as to the value of the land. Texas Law of Evidence, McCormick and Ray, Second Ed., Vol. 2, p. 373; 7 A.L.R.2d 784, 801, 805; 16 Tex.Jur., p. 582, sec. 253; 18 Amer.Jur., p. 933, sec. 349.

■ In 7 A.L.R.2d at page 814, it is stated: "According to a substantial amount of authority, where the landowner who made the offer is a party to the action in which the market value of his real property is in question, the fact that he has offered to sell such property for a certain amount, or has listed it for sale with an agent or broker at a designated listing or asking price, or has granted a third person an option to purchase it at a given price, is generally admissible in evidence against the landowner as constituting an admission against interest which bears upon the market value of such real property, at least where the offer or option is not too remote in point of time."

In Springer v. City of Chicago, 135 Ill. 552, 26 N.E. 514, 12 L.R.A. 609, the Supreme Court of Illinois held, "While we do not think the offer of an owner of property to sell at a certain price would be conclusive evidence of the value of the property, yet we do think that an offer by the owner to sell is competent evidence against him as an admission in fixing the value at or near the time the offer was made. * * * The option placed on the property by the plaintiff, as an admission of the value of the property, was competent evidence for the jury. Whether it proved the value was a question for the jury to determine after a due consideration of all the evidence introduced on the question."

The following cases in other jurisdictions hold that offers to sell, made by a landowner who is a party to the suit, are admissible as admissions against interest: People v. Ocean Shore R. R., Cal.App., 181 P.2d 705, affirmed 32 Cal.2d 406, 196 P.2d 570; Cotton v. Boston Elevated Ry., 191 Mass. 103, 77 N.E. 698; Houston v. Western Washington R. Co., 204 Pa. 321, 54 A. 166; City of Enid v. Moyers, Okl., 165 P.2d 818; Kaufman v. Pittsburg, C. & W. R. Co., 210 Pa. 440, 60 A. 2; Root v. Butte, A. & P. Ry. Co., 20 Mont. 354, 51 P. 155; Minneapolis-St. Paul Metropolitan Airports Commission v. Hedberg-Freidheim Co., 226 Minn. 282, 32 N.W.2d 569; City of Grand Rapids v. Widdicomb, 92 Mich. 92, 52 N.W. 635.

■ We have no doubt the excluded. testimony of appellee's offers to sell was competent as admissions against interest.

Appellee insists his statements of what he would take for the property were not inconsistent with his testimony as to market value, that a landowner usually asks more for land than he expects to get. The same contention was made in Cotton v. Boston Elevated Ry., supra. In that case the court held, [191 Mass. 103, 77 N.E. 700.] "whether the asking price which an owner sets on his property is evidence of what he thinks it is really worth depends largely on the circumstances under which it is given. * * * What weight is to be attached to the amount so set as the asking price was for the jury."

If the evidence had been admitted, the appellee would, of course, have had every

opportunity to qualify and explain the offers of sale.

Appellee also argues that in the event the testimony was improperly excluded, the exclusion was not such an error "as was reasonably calculated to cause and probably did cause the rendition of an improper judgment," and under Rule 434, Texas Rules of Civil Procedure, reversible error was not shown, that the record shows that the jury did not accept appellee's testimony on values before and after the taking.

The conclusion of appellant's witnesses that the remainder was not diminished in value by reason of the taking of the smaller tract was based largely on the facts the property was adjacent to the city limits, was bounded on the east and south by a farm to market road, on the east was a golf course, to the northwest a football stadium, to the north a saw manufacturing plant, a State Highway maintenance shop, a National Guard Armory, and a tract owned by a freight line; that appellees' land was not improved, except for fences, and was not in cultivation; that because of the above factors the highest and best use of the land was for industrial and commercial purposes, and, therefore, the construction of the railroad enhanced rather than decreased the market value of the remainder.

Appellee had owned the land since 1941. He was a real estate dealer. He should have known the land and its value better than any other person. The jury heard him testify that before the taking of the small tract the land in question was worth $1,000 per acre and after the taking was worth only $500 per acre. It is quite reasonable to conclude that, had the jury been permitted to hear testimony that, as of the very time he claimed the remainder was worth only $500 per acre, he placed a price to one agent of $2,000 per acre, or four times the amount he testified to, and a price of $1,250 per acre, or two and a half times the amount to which he testified as its value, to another person, the jury would not have found as much reduction in market value as it did find.

While it is nearly impossible to approximate exactly what effect a given fact or circumstance may produce upon the minds of the jurors, we incline to the opinion that, while the jury did not accept the full amount of damage to the remainder as testified to by appellee and his witnesses, it could with equal force be argued that with the excluded testimony in evidence it would probably have tended to induce the jury to yet further disregard the evidence of appellee as to value.

In view of the entire record, we are of the opinion the exclusion of the proffered testimony amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.

The judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.