HEALD *v.* MACGOWAN *et al.*

*(Common Pleas of New York City and County, General Term.* May 4, 1891.)

**1. NEW TRIAL—SURPRISE—NEWLY-DISCOVERED EVIDENCE.**

Upon testimony of defendant to a certain oral agreement between himself and G., one of plaintiff's assignors, and the deposition of G. denying, in general terms, that he made such an agreement, the question whether it was made was submitted, without objection, to the jury, who found for plaintiff. Defendant moved for a new trial on the grounds of surprise, since the deposition was construed as a denial of his own testimony, and of newly-discovered evidence, consisting of declarations by G., since the trial, contradicting the deposition; but the only proof of such declarations was the oath of defendant, without an affidavit from G., and plaintiff and his attorney made affidavit that G. denied making such declarations. *Held,* that a new trial was properly refused.

**2. SALE—PAYMENT—WHEN TITLE PASSES.**

An agreement between G. and V., providing for the sale to G. of certain electroplates on payment of $800, contained a clause that if V. should fail to perform certain other parts of the agreement he should return to G. the $800, and the electroplates should again become his sole property. *Held,* that on payment to V. the sale was complete, and the title was not revested in V. under the clause mentioned on his failure to perform the stipulations therein referred to unless he returned the $800.

**3. WEIGHT OF EVIDENCE.**

Testimony of one member of a firm that the firm took all the assets of a business previously carried on by the other partner is sufficient proof that the firm became vested with title to such property.

**4. CONVERSION—DAMAGES.**

In an action for conversion of second-hand electroplates purchased by plaintiff's assignor from defendant for $800, but afterwards sold by defendant for old metal for a smaller sum, it appeared that the plates were of value for use as such, together or separate, though there was no proof that plaintiff intended to use them, or that any other person needed them. *Held,* that a verdict for $800 damages should not be set aside as excessive.

Appeal from trial term.

Action by John O. Heald, as general assignee for benefit of creditors of Guy H. Gardner and David Daggett, composing the firm of G. H. Gardner & Co., against Robert W. Macgowan and Frank B. Van Siclen. Defendant Van Siclen appeals from a judgment for plaintiff against him entered on the verdict of a jury, and from an order denying a motion for a new trial made on the judge's minutes, and also from an order denying his motion for a new trial made on the grounds of surprise, newly-discovered evidence, and mistake. For former litigation, see 5 N. Y. Supp. 450.

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*King & Clement,* (*G. A. Clement,*) for appellant. *Henry P. Starbuck,* for respondent.

DALY, C. J. This is an appeal from an judgment in favor of the plaintiff against the defendant Van Siclen, entered upon a verdict for $800, and from an order denying a motion made upon the minutes for a new trial. There is also an appeal from an order denying a motion made upon affidavits to set aside the verdict on the grounds of surprise, newly-discovered evidence, and mistake, and that the verdict and judgment are contrary to the actual facts. The action was brought to recover damages for the conversion by the defendant of certain electrotype plates formerly belonging to G. H. Gardner & Co., the plaintiff's assignors; and the defense was want of title in the plaintiff, and that question and the question of value were those litigated upon the trial. It appears that originally G. H. Gardner, who was in the export commission business, employed Van Siclen to prepare an illustrated catalogue of manufactured goods, to be distributed in foreign countries. Van Siclen had previously compiled such a catalogue for the firm of R. W. Forbes & Son, and the electrotype plates in question were those used in printing the latter's catalogue. Van Siclen offered to procure for and sell to Gardner these plates for the sum of $800. The contract between Gardner and Van

Siclen for the preparation of such catalogue and the purchase of said plates was in writing, signed by the parties, and dated September 1, 1883. It provided as follows: "Upon the signing of these articles of agreement to pay to the said Frank B. Van Siclen the sum of $800 for the electroplates of the pages of Messrs. R. W. Forbes & Son's catalogue, said electroplates then becoming the sole property of the said Guy H. Gardner;" and it went on further to provide that if the said Frank B. Van Siclen should fail to deliver to the said Gardner a specified number of bound copies of the catalogue, and certain advertising contracts therefor, contemplated by the agreement, within eight months, "then and in that case he is to return to the said Guy H. Gardner the sum of $800, paid to him upon the signing of these articles of agreement for the electroplates of R. W. Forbes Son's catalogue pages, and the said electroplates are to again become his sole property." Gardner paid the $800 to Van Siclen for the said plates in September, 1883. After making the above agreement, Gardner took into partnership the other of the plaintiff's assignors, and they made with Van Siclen a new agreement in writing, dated March 10, 1884, superseding the previous agreement, and providing, for the preparation by Van Siclen of a catalogue in five different languages, but containing no provision concerning the said electroplates, and nothing in writing between the parties concerning such plates was afterwards executed; but Van Siclen testified that, after the new contract of March 1, 1884, was made, Gardner made the following arrangement in respect to the plates, namely, that Van Siclen should keep them, and should refund the price paid therefor, $800, out of his compensation for the compilation of the new catalogue in five languages. It was upon this verbal agreement that the defendant relied in disputing the ownership of the said plates by the plaintiff and his assignors. The only denial of this parol contract is found in the evidence of Gardner, taken *de bene esse* by the plaintiff, and read upon the trial of the action, Gardner being at that time out of the state. He testifies that he never sold nor in any way conveyed the plates back to Van Siclen, and never received any reimbursement of his payment for said plates, and that he never made more than one contract for the purchase of the plates. The question as to whether there was such an arrangement was submitted to the jury on this testimony. No objection was made that the evidence of Gardner was an insufficient denial of Van Siclen's statements. It is now contended that the evidence of Van Siclen was undisputed, and that Gardner does not deny the substantial truth of Van Siclen's testimony, but this objection was not taken at the trial. The court submitted the question as a disputed question of fact upon the evidence, and the defendant seems to have conceded that it was. It is upon this point that the motion for a new trial on the grounds of newly-discovered evidence, etc., was afterwards made, it being alleged by the defendant that he was surprised at the trial to have the court construe the testimony of Gardner as a denial of his own verbal testimony in regard to this matter; and that after the trial he went to New Haven, and had an interview with Gardner, and asked whether it was not the fact that when the first contract was annulled he (defendant) was to repay the $800 by having it deducted on a settlement of commissions, or what was to become due under the new contract; and that said Gardner answered, "Yes," but declined to swear to an affidavit of the fact, promising to write a statement to the plaintiff's attorney. In reply to this assertion the plaintiff and his attorney swear that they have been informed by Gardner that since the trial he has had no conversation with the defendant inconsistent in any way with his (Gardner's) testimony herein read upon the trial, and in particular did not tell defendant, nor think, that the plates which formed the subject of this action were ever sold or conveyed back to the defendant in any way after the purchase of them by said Gardner.

It appears that when the testimony of Gardner was taken *de bene esse* the present counsel for Van Siclen attended on behalf of his co-defendant, Macgowan, and he makes an affidavit, saying: "Deponent did not know what he (Gardner) would swear to, and regarded him as an adverse, unfriendly party in interest, and, as prudent, cross-examining counsel, representing the defendant Macgowan, put only such few questions to said Gardner on cross-examination as were safe to put." It does not appear why defendant Van Siclen was not represented upon the taking of that deposition. He ought to have been, and might on cross-examination have elicited from Gardner either an express denial or express admission concerning the verbal agreement on which he relies. It appears that Macgowan's counsel refrained from inquiring of Gardner on this point. As plaintiff's counsel could not know what verbal agreement Van Siclen might swear to, it was not to be expected that their examination should be more specific than it was. I do not think that there was any intention to surprise the plaintiff on the trial with evidence of this verbal contract, for, if there had been, defendants' counsel would undoubtedly have been astute enough to have made the point that no express denial of it appeared in Gardner's testimony; on the contrary, both parties in perfect good faith submitted the case as I think it should have been submitted to the jury,—as presenting a conflict of testimony on that point. The evidence given by Gardner that he never sold the plates back to Van Siclen, nor conveyed them to him, and never made any but the one contract for the purchase of the plates, although general, is a complete denial of Van Siclen's testimony, and required the submission to the jury of the question whether the alleged verbal agreement was made. The jury found in favor of the plaintiff upon that issue, and I think they were justified. If such an agreement had been made there should have been some evidence of a credit by Van Siclen to Gardner & Co. of this sum of $800 upon his claim for moneys under the contract of March 1, 1884, upon which the $800 was, according to Van Siclen's testimony, to be allowed; but, on the contrary, it appears that in the proof of claim against the assigned estate of Gardner & Co. Van Siclen gave no credit for the price of these plates. The motion for a new trial was properly denied in view of the testimony in the case and the affidavits submitted. The proof of Gardner's alleged declaration since the trial, contradicting his deposition *de bene esse*, depends upon the oath of Van Siclen, the most interested party to the litigation; and, in the absence of an affidavit from Gardner, coupled with the proof of his having denied those declarations, it would have been manifestly unjust to the plaintiff to order a new trial on an issue already fully and fairly litigated between the parties. The defendant claims another ground for supporting his title to the plates, and that is that the first written agreement between him and Gardner, by which he agreed to sell the plates to the latter, was an executory or conditional sale, which was never completed; that, although the first clause of the contract transfers the title of the plates to Gardner, the latter clause vests the title in Van Siclen again, provided he failed to furnish the specified number of copies of the book and advertising contracts. This position is untenable. The sale was completed by payment of the purchase price by Gardner to Van Siclen, and before he could claim a resale to him under the last clause of the agreement he was bound to return the purchase price, which he never did, either in cash or by a credit under the alleged verbal agreement, which the jury have found was never made. There is no merit in the objection that Gardner & Co. did not become vested with the plates that were part of the property of Gardner under the co-partnership agreement. Daggett, one of the firm, testified that the firm took all the assets of the whole business of Mr. Gardner. This is not disputed. The title to the plates being in the firm, and passing under the assignment, the refusal of the defendant to deliver them upon demand of the assignees constituted a conversion.

The only remaining question to be considered in the case is that of damages. It was contended by the defendant that the only value of the plates was the old metal for which he sold them, and the jury gave a verdict for the sum of $800, the amount at which defendant sold the plates to Gardner. Much evidence was received as to whether these plates, from which a great number of pages containing cuts or illustrations of manufactured goods could be printed, either page by page or by using the cuts separately, had a value. There was no proof that the plaintiff intended to use them, or that any other person needed them. The jury, of course, were bound to reject the conjectures concerning their value, but the evidence in the case sufficiently indicated that these cuts or illustrations had some value, and it was not necessary to show that they were required for immediate use. They were second-hand articles when Van Siclen sold them to the plaintiff for $800, he having obtained them for that purpose from Forbes & Co. at an outlay of $285.50, and the jury had a right to infer that as second-hand plates they were worth the amount he placed upon them in his transaction with plaintiff's assignor, Gardner. None of the exceptions in the case require reversal. The judgment and orders appealed from should be affirmed. All concur.