In the Matter of the Judicial Settlement of the Accounts of DAVID B. JOHNSTON et al., as Administrators, etc.

WILLIAM T. A. HART, Administrator, etc., Appellant; HUGH LANGAN et al., Respondents.

Upon settlement of the accounts of an administrator it was sought to charge him with the value of an undivided one-eighth interest in a cer-tain leasehold estate owned by the intestate at the time of his death, which the administrator sold at public auction, upon the ground that the sale was not properly advertised, was improvidently made for an inade-quate consideration, and in violation of the administrator's duty as such. It appeared that the administrator purchased at private sale nine days before the sale in question another one-eighth interest in the same estate. *Held*, that evidence of the price paid upon such purchase was competent against the administrator upon the question as to the value of the interest sold.
Reported below, 74 Hun, 618.

(Argued January 24, 1895; decided February 5, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 15, 1893, which modified and affirmed as modified a decree of the surrogate of the county of New York on settlement of the accounts of the adminis-trators of Archibald Johnston, deceased.

The facts, so far as material, are stated in the opinion.

*George L. Terry* for appellant. The administrators legally and properly disposed of the one-eighth interest in the lease-hold estate which the intestate owned at the time of his death, and have duly accounted for the same. (3 R. S. [7th ed.] 2294, § 6.) There is no evidence to sustain the finding of fact contained in the referee's report, that the value of the one-eighth interest in the leasehold sold to James Kenny was $1,500. (*Roe* v. *Hanson,* 5 Lans. 305; *K. L. Ins. Co.* v. *Nelson,* 78 N. Y. 145; *Gill* v. *McNamee,* 42 id. 44; *Camp-bell* v. *Woodworth,* 20 id. 499; *Huntington* v. *Attriel,* 118 id. 380, 381; *Thurber* v. *Hughes,* 15 J. & S. 162–173.)

*William C. Reddy* for respondents. The sale to Kenny was clearly collusive and fraudulent, and Hart, administrator, is chargeable with the value of the interest so sold. (76 N. Y. 121.) There was no error in fixing the value of the assets for which the administrator is accountable. (76 N. Y. 121; 11 Johns. 128; 26 N. Y. 309.)

HAIGHT, J. Archibald Johnston died on the 31st day of August, 1887, and letters of administration were issued upon his estate to David B. Johnston and the appellant, William T. A. Hart, November 22, 1887. David B. Johnston was a non-resident, and has taken no part in the administration of the estate.

At the time of the death of Archibald Johnston he was the owner of an undivided one-eighth interest in a leasehold estate for a term of years in premises known as Nos. 105 and 107 East Thirteenth street in the city of New York, with covenants of renewal, etc. At that time the appellant Hart was the owner of an undivided one-half, Ambrose O. Neall an undivided one-fourth and Theodosia H. Johnston, the wife of Archibald Johnston, the other undivided one-eighth part of such leasehold.

Thereafter, on the 18th day of February, 1888, the appellant Hart purchased from Theodosia H. Johnston her undivided one-eighth interest for $1,500, and on the 27th day of February thereafter the appellant, as such administrator, at public auction, sold the undivided one-eighth interest owned by Archibald Johnston at the time of his decease to James Kenny for the sum of $110. The referee found that the value of this one-eighth interest was the sum of $1,500; that the sale was for an inadequate consideration, improvidently made, with knowledge of the actual value thereof, and in violation of his duty as administrator. It further appears that the sale was first advertised in the New York *World* on the 12th, 15th and 19th days of February, to take place on the 20th; that on the 20th it was adjourned to the 27th of February; but no proof was presented showing that such

adjournment was advertised; that on the last-mentioned day there was present at the sale, Hart, the administrator, and his attorney; that Kenny was not present, but the premises were bid in by the attorney for Kenny; that thereafter Hart brought an action for the partition of the leasehold estate; that it proceeded to judgment and the premises were sold, pursuant to the decree entered in the action, to Ambrose O. Neall for the sum of $6,300, but that Neall assigned his bid to the appellant Hart, who thus became the owner of the entire leasehold estate.

An exception was taken to the finding that the value of the interest of the intestate sold by the administrator to Kenny was the sum of $1,500; and it is now contended that there was no evidence to sustain such finding; that the evidence that Hart gave Mrs. Johnston $1,500 for her one-eighth interest was not competent and cannot be considered on the question of value.

It appears to us that the testimony was competent and is some evidence of the value of the leasehold estate. It is true that the appellant purchased Mrs. Johnston's interest at private sale; but presumably he paid her no greater sum than he considered it worth. There is no pretense that any fraud or deception was practiced upon him or that he was in any manner deceived as to its value. This was but nine days before he sold the interest belonging to the estate. The purchase was not remote, nor is there any claim of any change in the value of the property. It has been repeatedly held that the prices paid at auction, or public sale, tended to show the value of the property, and we fail to see why the principle upon which such decisions rest, does not apply with equal force, under the circumstances, to the sale made by Mrs. Johnston to the appellant. In *Parmenter* v. *Fitzpatrick* (135 N. Y. 190) it was held that proof of the price obtained at an actual *bona fide* sale of property fairly conducted and not forced, whether at auction or private sale, is competent upon the question of value.

In *Hoffman* v. *Conner* (76 N. Y. 121–124) the plaintiff, for

the purpose of proving the value of property, was asked what she paid for it. This was objected to as incompetent, and the objection was overruled. The evidence was held competent; that what a party paid for property "is some evidence of its value." See, also, *Knickerbocker Life Ins. Co.* v. *Nelson* (78 N. Y. 137, 144); *Campbell* v. *Woodworth* (20 id. 499); *Gill* v. *McNamee* (42 id. 44–46). The facts here disclosed distinguish the case from that of *Dailey* v. *Crowley* (5 Lans. 301).

The decree appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.