(46 Misc. Rep. 144.)

### LOOS v. McCORMACK.

(Supreme Court, Special Term, New York County. January, 1905.)

1. GUARANTY—MORTGAGE—CONSTRUCTION.

On sale of a bond and mortgage the assignor guarantied payment and collection. *Held*, that under the guaranty the assignee could, at his election, proceed against either the guarantor or the principal debtor.

2. SAME—PARTIAL RELEASE.

In an action to foreclose a mortgage assigned to plaintiff with guaranty of payment and collection, a partial release of claim inures to the benefit of the grantor only to the extent the claim is reduced, and may be pleaded as a partial defense to an action on the guaranty.

Action by John H. Loos against Michael McCormack. Demurrer to separate defenses. Sustained.

Theodore L. Bailey, for plaintiff.
Rose & Putzel, for defendant.

BISCHOFF, J. The action is upon a guaranty of payment and collection of an assigned bond and mortgage for $5,000, expressed in the following terms:

"I do hereby guarantee unto said John H. Loos the payment and collection of the said bond and mortgage and of the interest due and to grow due thereon, at the time and in the manner therein mentioned, and I do promise to pay the same at maturity thereof."

The complaint alleges two extensions of the time of payment with the defendant's consent, and sets forth nonpayment at the expiration of the period of payment, as last extended.

Four separate defenses are pleaded, to which the plaintiff demurs for insufficiency. The first separate defense alleges that the guaranty was, by its terms, a guaranty of collection, not of payment, and that the plaintiff, having taken no steps to collect from the original obligor, cannot charge the defendant. As to this it may be said that any doubt as to the meaning of the words "payment and collection," as used in this guaranty, is resolved by the final clause, "and I do promise to pay the same at maturity thereof." To give exclusive effect to the word "collection" would be to give no effect whatever to the word "payment," and would require that the express promise to pay at maturity, upon the part of the

guarantor, be wholly disregarded. The only possible meaning of this covenant is that the guaranty relates to payment, not merely to collection, and gives the holder an election to proceed in the first instance, either against the principal or against the guarantor. Tuton v. Thayer, 47 How. Prac. 180. The first defense, therefore, proceeds upon an erroneous construction of the agreement and is insufficient.

For a second separate defense it is alleged that in an action brought by this plaintiff to foreclose the mortgage the plaintiff released his claim against the original obligor to the extent of $500, but refused to make the same concession to the defendant, and thereby so modified the relations existing between himself and the obligor as to release the guarantor. A partial release, such as this, only operates to release the guarantor pro tanto, since, being made after maturity, it affects no obligation as to which the contract of guaranty was executory when the so-called "change" occurred (see Kingsbury v. Westfall, 61 N. Y. 356), and the release inures to the benefit of the guarantor only to the extent to which the claim was thus reduced, as upon a partial payment. Not being designated as a partial defense (Code Civ. Proc. § 508), the matter must be tested as though pleaded for the purposes of a complete defense (Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675), and, so tested, this second defense is properly open to demurrer.

The third and fourth defenses are founded upon the allegation that the plaintiff, when obtaining the defendant's consent to the two extensions of payment referred to in the complaint, refrained from disclosing the fact that he had exacted from the principal debtor the sum of $300 in addition to the payment of interest at 6 per cent., it being further alleged that the extension thus obtained was void for usury, and that the plaintiff "fraudulently and wrongfully" concealed the facts from the defendant for the purpose of inducing his consent to the extension. So far as usury is sought to be pleaded in this connection, the defense is not available to the guarantor (2 Brandt, Surety. & Guar. § 417), and upon the question of fraud the mere characterization of the plaintiff's silence as "fraudulent" does not suffice unless the facts pleaded disclose some duty upon his part to speak, in order that the court may draw the inference of fraud. N. Y. & M. V. Transport Co. v. Tyroler, 25 App. Div. 161, 48 N. Y. Supp. 1095; Cohn v. Goldman, 76 N. Y. 284. To infer fraud from silence, the court must find that there was some duty of disclosure (Paul v. Hadley, 23 Barb. 521), but, upon the facts alleged in the defenses now considered there was no duty resting upon the plaintiff to inform the defendant of the payment exacted from the principal at the time of the extensions. The only suggested ground of necessity for a disclosure of these facts to the guarantor is that, had he known of the payment, he might have believed that the security for the guarantied debt was insufficient, and have withheld his consent to the extension; but the question of the financial condition of the principal debtor is a matter about which the guarantor is pre-

sumed to keep himself advised, and the creditor is under no duty to communicate his knowledge of facts which affect that question; nor is he to explain to the surety the meaning or effect of his engagement to answer for the principal debt. 2 Brandt, Surety. & Guar. § 419; Western N. Y. L. Ins. Co. v. Clinton, 66 N. Y. 326. As was said in the case last cited:

"It is the duty of the sureties to look out for themselves and ascertain the nature of the obligation embraced in the undertaking, and any other rule would not only work serious inconvenience, but render securities of this character of but little, if of any, value."

The plaintiff's mere silence, under these circumstances, was not fraud, nor was it violative of any contractual engagement with the defendant, to be implied from the relations of the parties as creditor and guarantor; hence no sufficient ground of defense is disclosed by the allegations of the third and fourth separate defenses.

Demurrer sustained, with costs, with leave to defendant to amend within 20 days upon payment of costs.