BUTLER v. GENERAL ACC. ASSUR. CORP., Limited.

(Supreme Court, Appellate Division, First Department.   April 7, 1905.)

**1. ACTION—PARTIAL DEFENSE—DEMURRER.**

Code Civ. Proc. § 508, provides for a partial defense in an answer, but that it must be expressly stated to be a partial defense. In an action to recover for services, the defense was that it had been agreed that a sum to be fixed by defendant should be received in satisfaction of the services. but that plaintiff had refused to accept the sum as fixed; but there was no tender, nor was the money brought into court. *Held*, that the defense was a partial one, and demurrable because not pleaded as required.

**2. SAME—ANSWER—DEMURRER.**

In an action to recover for legal services, the answer set up that the services were rendered between the dates alleged in the complaint, but that, by an agreement between the parties before the services were rendered, it was understood that plaintiff was to accept a sum to be fixed by defendant, which had been fixed, but that plaintiff refused to accept such sum. *Held*, that the answer was demurrable, in that it did not connect the agreement alleged with the services for which a recovery was sought.

Patterson and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Malcolm N. Butler against the General Accident Assurance Corporation, Limited. From a judgment overruling a demurrer to a separate defense of the answer, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Joseph Larocque, Jr., for appellant.
Herrick C. Allen, for respondent.

INGRAHAM, J.   This action was brought to recover for legal services performed by the plaintiff's assignors, alleged to be reasonably worth the sum of $1,910, and disbursements amounting to $83.05. The answer admits the performance of legal services by the plaintiff's assignors, denies that the services were worth the sum claimed, and alleges as a separate defense that prior to the 1st of May, 1902, an agreement was made between the plaintiff's assignors and the defendant, by the terms of which the plaintiff's assignors were to perform from time to time, in their capacity as attorneys and counselors at law, at the request of the defendant, certain professional services to the defendant, as compensation for which the plaintiff's assignors were to be paid by the defendant a sum of money to be named and fixed by and to the satisfaction of the defendant subsequent to the rendering of the professional services, and that by the terms of the agreement the plaintiff's assignors agreed to accept, as the compensation for and the remuneration of the said professional services performed by them, a sum of money to be named and fixed by and to the satisfaction of the defendant subsequent to the rendering of the professional services aforesaid; that between the 13th day of May, 1902, and the 21st of February, 1903, the plaintiff's assignors, in pursuance of the agreement as aforesaid, performed certain professional services

92 N.Y.S.—65

and incurred certain disbursements for the defendant; that thereafter, in pursuance of the agreement aforesaid, the plaintiff's assignors rendered to the said defendant an itemized statement of the professional services performed by them between the 13th day of May, 1902, and the 21st day of February, 1903, and that "thereafter, and within a reasonable time, the defendant, in pursuance of the terms of the agreement aforesaid, and in good faith, and without fraud or oppression, duly named and fixed the sum of $885 as the compensation for and the remuneration of the said professional services performed by" the plaintiff's assignors; that thereafter, and on or about the 20th day of July, 1903, in pursuance of the agreement as aforesaid, the defendant duly notified the plaintiff's assignors that the defendant had named and fixed upon the sum of $885 as the compensation for and the remuneration of the said professional services; that on or about the 20th day of July, 1903, the defendant duly offered to pay to the plaintiff's assignors that sum, and offered to pay the further sum of $65.57, the amount of disbursements; that subsequently the plaintiff's assignors refused to accept that sum as compensation for and the remuneration of the professional services, and that the defendants have at all times been ready to pay that sum; and that the plaintiff's assignors and the plaintiff have at all times refused to accept that sum. Wherefore judgment is demanded dismissing the complaint.

The action is to recover a sum of money, as the value of professional services rendered; and the defendant pleads as a defense to the cause of action an agreement under which professional services had been rendered by the plaintiff's assignors to the defendant, without, however, alleging that they were the same services for which the plaintiff sought to recover. There is no tender of the amount admitted to be due alleged, nor is the money brought into court. The defendant thus concedes that it is indebted to the plaintiff's assignors in a sum of money named, without having alleged a tender, and without bringing the money into court. This separate defense is upon its face insufficient as a defense to the cause of action alleged. At most, it is a partial defense, which, to be effective under section 508 of the Code of Civil Procedure, must be pleaded as a partial defense, and not as a complete defense to the cause of action.

In Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675, Judge Finch, delivering the opinion of the court, says:

"The facts stated in the answer were not pleaded as a partial defense or in mitigation of damages. Where that is attempted, the Code explicitly requires that the answer shall so state, and give notice that the facts relied upon are intended as a partial defense. Where no such statement is made, the plaintiff has the right to assume, and the court must assume, that the new matter alleged is pleaded as a complete defense, and, if demurred to, must be tested as such. Applying that test, the answer is insufficient. It merely affects the amount of damages to be recovered, by tending to reduce the value of the securities converted. It confesses, but does not avoid. It admits the cause of action, and questions only its extent and amount, and is but a bar to a recovery. It is bad, therefore, as a defense, and the Special Term was right in so holding."

This defense is not, therefore, good as a complete defense to the cause of action. It is not alleged to be a partial defense, and therefore, on

demurrer, cannot be sustained as a partial defense, and for that reason the demurrer should have been sustained.

Nor do I think that the allegations which constitute this separate defense connect the agreement there set forth as relating to the professional services for which a recovery is sought in this action. The complaint alleges that the professional services for which a recovery is sought were rendered between the 13th day of May, 1902, and the 21st day of February, 1903. In the answer the defendant admits that professional services were performed and disbursements incurred for the defendant by the plaintiff's assignors between the 13th of May, 1902, and the 21st of February, 1903. This admission would undoubtedly refer to the professional services for which the plaintiff sought to recover. But when the defendant sets up a further defense in which it alleges that prior to the 1st of May, 1902, an agreement was made between the plaintiff's assignors and the defendant, and setting forth the terms of that agreement, there is no allegation that the services for which plaintiff seeks to recover had any relation to services which plaintiff's assignors were to perform under the contract alleged in this defense. It is quite true that the professional services performed under this agreement were performed between the same dates as those specified in the complaint, but, as the professional services that were specified in the complaint are alleged to have been performed under an entirely different contract than that alleged by the defendant in the separate defense, there is no presumption that I know of that the services mentioned in this separate defense were the same services for which the plaintiff seeks to recover in this action. It was certainly no defense to this action to recover for certain specified legal services that the plaintiff's assignors had performed other services under a contract by which they agreed to accept whatever remuneration for their services the defendant should fix.

It follows that the interlocutory judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the defendant to amend the answer upon payment of costs in this court and in the court below. All concur, except PATTERSON and LAUGHLIN, JJ., who dissent.