## MOTT v. DE NISCO.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

1. PLEADING—SEPARATE DEFENSES—SUFFICIENCY.

A separate defense not pleaded as a partial defense or in mitigation of damages must be deemed pleaded as a complete defense when tested on demurrer.

2. SAME—AIDER BY MATTER STATED IN OTHER DEFENSES.

The matter stated in a separate defense cannot be relied on to aid in rendering another separate defense sufficient, unless repeated or incorpo-

rated by reference, but each defense must be deemed a separate plea when tested on demurrer.

3. SAME—ANSWER—SUFFICIENCY.

An answer in an action based on defendant inducing plaintiff's ancestor through fraud to marry him, and by fraud and coercion to convey to him property, which denies that the consent of the ancestor of plaintiff to the marriage was obtained by fraud, and alleges that she became defendant's wife knowing all the facts concerning him, is sufficient on demurrer.

4. SAME—SEPARATE DEFENSES—SUFFICIENCY.

In an action based on defendant inducing plaintiff's ancestor through fraud to marry him, and by fraud and coercion to convey property to him, a separate defense alleging that defendant and plaintiff's ancestor were married on a day stated and lived together to the time of her death, that she left no children or descendants, and that her property became vested in him by virtue of his marital rights; and a separate defense that she owned real estate which she conveyed to defendant; that she left a will bequeathing to him her personalty; and a separate defense that he and the wife lived together in happiness; that she made a will giving some property to her relatives, including plaintiff; and a separate defense that prior to the marriage she had conveyed property to plaintiff which was taken to satisfy plaintiff's debts; that thereafter she conveyed property to plaintiff's mother in order to prevent plaintiff's creditors from obtaining it—are each insufficient on demurrer because stating no defense.

Appeal from Special Term, Westchester County.

Action by Emma L. B. Mott against Carmine De Nisco. From an interlocutory judgment overruling a demurrer to separate defenses in the answer, plaintiff appeals. Affirmed in part; reversed in part.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Odell D. Tompkins, for appellant.

PER CURIAM. This is an appeal from an interlocutory judgment overruling the plaintiff's demurrer to each of the first five separate defenses contained in defendant's answer. The complaint alleges that Emma L. B. Cappelmann on the 10th of June, 1895, was married to the defendant, and at that time owned a large amount of property, describing it; that at the time of her marriage she was 69 years of age, and defendant was 33; that she was and had been for several years in feeble health, and the defendant was a laborer at small wages, without means, was of foreign birth, and could speak English but brokenly; that he falsely and fraudulently represented himself to her to be an Italian count, and knowing her to be the owner of large property, and intending and contriving to secure it for himself, he induced and persuaded her by fraud, deception, and undue influence to marry him; that after the marriage defendant obtained control and mastery over her mind and property, preventing her, against her wishes, from seeing her friends and relatives, including the plaintiff, and from making known to them the state of her property and the disposition made thereof, as thereinafter stated. The complaint further alleges that within three weeks after the marriage the defendant fraudulently induced, influenced,

coerced, and procured her to deed him two parcels of property referred to in the complaint; that she received no valuable consideration therefor; that she reserved to herself the right to collect the rents and profits thereof during her lifetime, yet defendant has converted and appropriated those rents and profits to his own use; that after the marriage, and while the defendant was living with his wife, he fraudulently induced, influenced, and coerced her to convey the balance of her real property to divers persons for value, and that the consideration of these sales has been converted and appropriated to his own use by the defendant; that the wife of the defendant never had any children, and that she left no father or mother surviving, and that the plaintiff is the heir and next of kin to her, being a niece, daughter of a deceased brother. The complaint finally alleges that on the 8th of January, 1903, the wife of the defendant died intestate; that the defendant now has and claims to own all the real property embraced in the deeds to him, and all the moneys received for and in consideration of the other transfers and conveyances. The relief demanded is that the execution of the deed by his wife to the defendant be declared to be void as obtained by fraud, and that the defendant be required to account for the rents and profits; that the defendant be required to account for the proceeds of the other conveyances; that a referee be appointed to take the accounts of the defendant, and that the latter be enjoined from disposing of any real or personal property pending the action; and, finally, that the heirs and next of kin of the wife be adjudged to be entitled to all the property, and the rents and profits thereof.

The defendant, in addition to certain denials with which his answer closes, undertakes to state five separate defenses, and the appellant claims that neither one of these defenses is sufficient in itself, and that hence her demurrer should have been sustained. None are pleaded as partial defenses, or in mitigation of damages; hence the court must assume that the new matter alleged in each of these five separate defenses is pleaded as a complete defense to the cause of action. The demurrer must be tested according to this rule.

In Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675, the Special Term sustained the demurrer to a defense set up in the answer, and the General Term reversed the interlocutory judgment. On an appeal to the Court of Appeals the judgment of the General Term was reversed, and that of the Special Term affirmed, Judge Finch saying:

"We are of the opinion that the reversal was erroneous. The facts stated in the answer were not pleaded as a partial defense or in mitigation of damages. Where that is attempted, the Code explicitly requires that the answer shall so state, and give notice that the facts relied upon are intended as a partial defense. Section 508. Where no such statement is made, the plaintiff has the right to assume, and the court must assume, that the new matter alleged is pleaded as a complete defense, and, if demurred to, must be tested as such. Matthews v. Beach, 5 Sandf. 256, s. c. 8 N. Y. 173. Applying that test, the answer is insufficient."

Nor can any of the matter stated in either of the five separate defenses be relied upon to aid in rendering either of the others suf-

ficient. Each one of the defenses must be deemed a separate plea, and may not be assisted by the allegation of an accompanying separate defense, or by denials contained in other parts of the answer. The following language is used in the opinion in Sbarboro v. Health Department, 26 App. Div. 177, 179, 49 N. Y. Supp. 1033, 1034:

"The plea in question must be treated independently. The rule is well settled that a defense which is separately pleaded as a distinct defense must be in itself complete, and must contain all that is necessary to answer the whole cause of action, or that part thereof which it purports to answer."

In the opinion in Douglass v. Phœnix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448, it is stated that:

"The allegations of the complaint not denied in the affirmative defense are, for the purposes of the question now presented, to be deemed admitted. The affirmative defense is to be treated as a separate plea, and the defendant is not entitled to have the benefit of denials made in another part of the answer, unless repeated or incorporated by reference and made a part of the affirmative defense."

Unless each one of the separate defenses alleges facts sufficient to constitute a complete and independent defense to the cause of action, the demurrer must, under the authority of the rules to which attention has been called, be sustained.

The first separate defense denies that the consent of Emma L. B. Cappelmann was obtained through force, duress, or fraud, and alleges that Cappelmann became the wife of the defendant knowing all the facts concerning him, and that, from the time of the marriage to the date of the death of the wife, plaintiff had full knowledge of the marital relations existing. This matter which is stated to be alleged as a first defense contains, it will be seen, a denial of the force, duress, and fraud which constitute the gist of the cause of action. Hence the demurrer to that defense was properly overruled.

In the second defense it is alleged that Cappelmann and the defendant were married about the 10th day of June, 1895, and that they lived together as man and wife up to the time of her death, about the 8th day of January, 1903; that she left surviving no children or descendants; and that her husband became vested by virtue of his marital rights with all the separate estate of his wife, except such as she disposed of during her lifetime by way of testamentary appointments.

In the third defense it is alleged that the wife owned certain real estate which she had a right to dispose of as she saw fit, and that she did convey to the defendant certain real property, reserving to herself the rents and profits thereof, and that, as she became feeble and unable to attend to her business, the defendant took care of it for her. He alleges that by virtue of his marital rights the rents and profits upon her death became his if she died intestate, and that she left a will, now on file in the office of the Surrogate in the county of Westchester, by which she bequeathed to the defendant her personal property.

In the fourth separate defense it is alleged that the defendant and his wife lived together in happiness, and that he administered to

her wants, and there was true affection between them; that before her death she executed a last will and testament, by which she gave some of her property to her relatives, including the mother of the plaintiff.

In the fifth defense it is alleged that, prior to her marriage with the defendant, his wife conveyed to the plaintiff three pieces of real estate, one of which was taken away from her by foreclosure, and, because there were judgments of record unsatisfied against the plaintiff, deceased became afraid to convey more property to her; that just prior to her marriage with the defendant she conveyed other property to the mother of the plaintiff, free and clear, thinking in that manner to avoid the probability of judgment creditors taking the same from her; and that the reason no devise of real estate was made to the plaintiff in the will of the defendant's wife was because she thought that, for the reasons stated, the plaintiff might not be able to enjoy it.

From this abstract of the contents of the several separate defenses it will be seen that only the first defense, standing alone and unsupported by the others, is sufficient answer to the cause of action set forth in the complaint, either by way of denial of allegations contained in that pleading, or by way of confession and avoidance. For this reason, the demurrer to the second, third, fourth, and fifth separate defenses should have been sustained by the court below.

Interlocutory judgment affirmed, so far as it overrules the demurrer to the first separate defense, and reversed so far as it overrules the demurrer to the second, third, fourth, and fifth separate defenses, and interlocutory judgment directed sustaining said demurrer to the second, third, fourth, and fifth defenses. No costs.