## JACKSON et al. v. PESCIA et al.

(Supreme Court, Special Term, Richmond County. December 30, 1909.)

1. MORTGAGES (§ 283*)—MORTGAGED PROPERTY—TRANSFER—OBLIGATION OF MORTGAGOR.

Where a grantee of mortgaged property assumes the mortgage debt, the mortgagor becomes a surety only, and will be released by a variation of the contract.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 756–758; Dec. Dig. § 283.*]

2. MORTGAGES (§ 310*)—PARTIAL RELEASE—PROVISION.

A provision in a mortgage that the grantor and his assigns prior to the maturity of the mortgage on paying $1,750 per acre should be entitled to have released plots of not less than an acre from the lien of the mortgage did not defeat the right of the mortgagee on the application of the mortgagor or his assigns to release at will any part of the mortgaged premises.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 901, 906; Dec. Dig. § 310.*]

3. MORTGAGES (§ 283*)—TRANSFER SUBJECT TO MORTGAGE—PARTIAL RELEASE—EFFECT.

Where a mortgage contained a clause providing for release of part of the mortgaged premises on payment of $1,750 per acre, and after sale of the mortgaged premises and assumption of mortgage by the grantee the mortgagee released about two-fifths of an acre on payment of $1,000, which was applied on the mortgage, such release did not relieve the mortgagor from liability as a surety for the payment of the mortgage debt; the utmost right of the mortgagor being to have his liability discharged to the extent of the value of the land released.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 756–758; Dec. Dig. § 283.*]

4. MORTGAGES (§ 463*)—PARTIAL RELEASE—VALUE OF LAND.

An agreement in a mortgage for the release thereof on payment of $1,750 per acre constituted in itself some evidence of the value of the land.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 463.*]

5. MORTGAGES (§ 454*)—FORECLOSURE—"PARTIAL DEFENSE."

Where a mortgagor had become a surety only for the payment of a mortgage debt, and in a suit to foreclose claimed a release of two-fifths

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of an acre of the mortgaged land on payment of $1,000 as a complete defense, when in fact he was only entitled to claim the difference between $1,750 and $1,000 as a partial defense as provided by Code Civ. Proc. § 508, the defense pleaded would be overruled.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 454.*

For other definitions, see Words and Phrases, vol. 6, p. 5183.]

Action by Louisa Jackson and others against Enrico V. Pescia and others. Judgment for plaintiffs.

Judgment affirmed in Jackson v. Meister & Bache Realty Co., 124 N. Y. Supp. 1118.

Putney, Twombly & Putney (Richard Kelly, of counsel), for plaintiffs.

Edward A. Isaacs, for defendant Pescia.

CLARK, J.   Action to foreclose, for nonpayment of interest, a purchase-money mortgage for $10,000, made to the plaintiffs by the defendant Pescia, who alone defends; all other defendants being in default. Pescia, who subsequently conveyed the property, seeks to be relieved of the deficiency judgment sought to be recovered against him on the ground that as surety only he is discharged from his bond through the variation by the plaintiffs of the mortgage contract. The only clause in the mortgage to which reference need be made reads as follows:

"With the right and privilege to the party of the first part hereto (Pescia) or his assigns, prior to the maturity hereof, on paying the sum of seventeen hundred and fifty dollars per acre, to have released plots of not less than one acre from the terms of this mortgage."

The plaintiffs released lots aggregating in area 17,320 feet, or not quite two-fifths of an acre, on payment of the sum of $1,000, which they applied on account of the principal of the bond and mortgage. Pescia has therefore been credited with the land released at the rate of more than $2,500 an acre, or over $750 an acre more than the rate provided for in the above special clause.   He claims, however, that under the said clause the plaintiffs had no right to release a plot of less than one acre, and had no right to release a plot for a less sum than $1,750; and that, having done so, he is absolutely relieved from any liability on his bond.

Pescia properly claims that he is now only a surety on the bond, and invokes the doctrine, to be found in numerous leading cases, to the effect that a variation in a contract of suretyship releases the surety, citing Murray v. Marshall, 94 N. Y. 611; Spencer v. Spencer, 95 N. Y. 353; Paine v. Jones, 76 N. Y. 274; Page v. Krekey, 137 N. Y. 314, 33 N. E. 311, 21 L. R. A. 409, 33 Am. St. Rep. 731; Antisdel v. Williamson, 165 N. Y. 372, 59 N. E. 207.

In the last case Judge Cullen states with precision the principle, upon which the defendant relies as follows:

"It is settled law that the obligation of a surety is strictissimi juris and he is discharged by any alteration of the contract to which his guaranty applied, whether material or not, and the courts will not inquire whether it is or is not to his injury."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

For the purposes of this decision and without analyzing the cases cited by the plaintiff on this point, it may therefore be conceded that, if the clause has been varied by the plaintiffs, the defendant may, upon proper pleadings, be freed from liability for a deficiency. The plaintiffs, however, have never varied the clause, which stands as originally written, nor have they ever violated its terms, inasmuch as it is not claimed that they ever refused to give a release under it. Without the clause in question, neither the defendant nor his grantees could ever have demanded a release before the due date of the mortgage, any more than he or they, before such date, had the right to pay the mortgage.

Where lands are located in farming districts and handled as farms, a clause of release is rarely found in a mortgage. Only when farms or large parcels of land, usually through increase in population, come into demand for division into lots does the clause of release work its way into mortgages. Its use in no way abridges the inherent right of the mortgagee to release at will upon application of the mortgagor or of his assigns. This right is not defeated by the clause in question which imposes a single obligation on the plaintiffs, and confers a single right, which he would not otherwise have had, upon the defendant. Solely for his benefit, he was accorded the privilege of demanding a release of a specified area of the mortgaged land upon the tender of a specified payment. In other words, if this mortgage did not contain the provision above quoted, the plaintiff would, before collecting a deficiency judgment from Pescia, be obliged to credit him on his bond with the actual value of the land released from the lien of the mortgage. Libby v. Tufts, 121 N. Y. 172, 176, 177, 24 N. E. 12.

The defendant being at the most discharged from liability only to the extent of the value of the land released, his defense fails because there is no evidence that the value of the land released by the plaintiffs exceeded the sum of $1,000, with which the defendant has been credited. The agreement in the mortgage upon the sum of $1,750 constitutes in itself some evidence of value. Rathbone v. Ayer, 121 App. Div. 355, 105 N. Y. Supp. 1041; Matter of Johnston, 144 N. Y. 563, 39 N. E. 643; Heald v. Macgowan (Com. Pl.) 14 N. Y. Supp. 280, affirmed 128 N. Y. 612, 28 N. E. 252; Wright v. Quick, 105 Mass. 404; Houston v. Western W. R. Co., 204 Pa. 321, 54 Atl. 166. At most, Pescia could have claimed the difference between $1,750 and $1,000, and then only by pleading such claim as a partial defense (Code Civ. Proc. § 508); whereas, he has pleaded a complete defense, which must be overruled. Loos v. McCormack, 107 App. Div. 8, 93 N. Y. Supp. 1088, 95 N. Y. Supp. 1141; Murphy v. Eidlitz, 113 App. Div. 659, 90 N. Y. Supp. 950; Mott v. De Nisco, 106 App. Div. 154, 94 N. Y. Supp. 380; Pope Mfg. Co. v. Rubber Co., 110 App. Div. 341, 97 N. Y. Supp. 73; Butler v. General Acc. Ass. Corp., 103 App. Div. 273, 92 N. Y. Supp. 1025; Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675.

The plaintiffs are entitled to judgment for the relief demanded in the complaint, with costs, and with an extra allowance of 2½ per cent.