### PAUL v. COSMOPOLITAN BANK.

#### (Bronx County Court. May 19, 1915.)

PLEADING ☞80, 194—DEMURRER—ANSWER—INCOMPLETE DEFENSE.

 An answer, in an action by a depositor for the bank's dishonoring of checks while it had funds to pay them, which alleges that plaintiff had instructed the bank to honor the checks of a third person, and that it had done so by paying them with plaintiff's funds, but which does not show that by reason thereof there were insufficient funds to honor plaintiff's checks, is but a partial defense in mitigation of damages, and is demurrable, because attempting to set up a complete defense.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 162, 181–183, 444, 445, 446, 449–452; Dec. Dig. ☞80, 194.]

Action by William Paul against the Cosmopolitan Bank. Demurrer to separate defense sustained, with leave to amend on terms.

Louis Lande, of New York City, for plaintiff.
William Duncan Cameron, of New York City, for defendant.

GIBBS, J. This is a motion pursuant to section 976 of the Code, which authorizes bringing on the argument of a demurrer as a contested motion.

This is an action brought by the plaintiff against the defendant for dishonoring certain checks; the plaintiff alleging that at the time the said checks were drawn there were sufficient moneys in the hands of

the defendant to pay the said checks, but that, by reason of the negligent conduct of the defendant, payment was refused. The separate defense contained in the answer of the defendant to the complaint alleges, by its "twenty-third" paragraph, as follows:

"That the plaintiff, his agents, servants, and employés, instructed and directed the defendant that in the event of the account of the aforesaid Nathan Paul being at any time overdrawn, or in the event of a check drawn on the account of Nathan Paul being presented to said bank for payment at a time at which insufficient funds were in the account of said Nathan Paul to pay the same, the defendant should transfer from the account of the plaintiff herein to the account of the said Nathan Paul sufficient funds to make good the account of said Nathan Paul and to pay said checks; that the defendant complied with such instructions and directions, and that the acts of the defendant in so doing were acquiesced in, ratified, accepted, and confirmed by the plaintiff herein."

It is apparent from the above defense that the plaintiff had instructed the defendant to honor the checks of Nathan Paul and that in point of fact the defendant did honor Nathan Paul's checks by paying them with the plaintiff's money; but it fails to show that by reason of the defendant having paid the checks of Nathan Paul with the plaintiff's money there were insufficient funds left in plaintiff's account to honor the checks mentioned in the complaint. It follows, therefore, that this is a partial defense in mitigation of damages, and is for that reason demurrable, because it attempts to set up a complete defense. Mott v. De Nisco, 106 App. Div. 154, 94 N. Y. Supp. 382.

Counsel for the plaintiff, in his brief, urges a number of other points, which, in consequence of my view on the above proposition, it is unnecessary for me to pass upon.

The demurrer to the separate defense is therefore sustained, with leave to amend upon payment of $10 costs.