TRIANGLE WAIST COMPANY, INCORPORATED, Appellant, *v.* BEATRICE TODD, Respondent.

**Master and servant — breach of contract of employment by employee — damages — evidence of contract price for like services entered into by defendant immediately after breach of contract with plaintiff competent as measure of plaintiff's damages.**

1. If one agrees to sell something to another, and then immediately sells it to some one else at an advance, the new transaction is not to be ignored in estimating the buyer's loss. The rule is not different when one sells one's labor. The price received upon a genuine sale either of property or of services is some evidence of value. The rule applied in an action to recover for the breach of a contract to render services, and *held,* that evidence of the contract price for like services entered into immediately thereafter by defendant was competent on the measure of damages sustained by plaintiff in an action to recover for the breach.

2. Where defendant entered into an oral contract for services to plaintiff which she violated and thereafter upon an additional consideration entered into a written contract with it to render the same services, the first contract will be deemed to have been rescinded by consent and no recovery can be had for its breach.

*Triangle Waist Co.* v. *Todd,* 168 App. Div. 693, reversed.

(Argued February 5, 1918; decided February 26, 1918.)

APPEAL from a judgment, entered July 15, 1915, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment

in favor of plaintiff entered upon a verdict and directing judgment in its favor for nominal damages.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Max D. Steuer* and *Henry Danziger* for appellant. There was sufficient evidence to go to the jury on the question of the making and breaching of the oral contract set forth in the first cause of action, and the verdict of the jury in respect thereof should stand. (*Grossman* v. *Schenker,* 206 N. Y. 466; *Geringer* v. *Friedman,* 80 N. Y. 212; *Sagolowitz* v. *Pellman,* 32 Misc. Rep. 508.) There was sufficient evidence of the value of the defendant's services, which were of a unique and special character, to establish a measure of damage and support the verdict of the jury for damages. (*Hammerstein* v. *Mann,* 137 App. Div. 580; *Edwardes* v. *Fitzgerald,* N. Y. L. J. Jan. 16, 1895; *Shubert* v. *Angeles,* 80 App. Div. 625; *Ziegfeld* v. *Norworth,* 134 App. Div. 951.)

*I. Gainsburg* for respondent. The oral contract, assuming it was for a year, was extinguished by mutual agreement when the written contract was signed. (*Triangle Waist Co.* v. *Todd,* 168 App. Div. 693; *Renard* v. *Simpson,* 12 N. Y. 561; *McCreery* v. *Day,* 119 N. Y. 1; *International Contracting Co.* v. *Lamont,* 155 U. S. 303; *McCabe Construction Co.* v. *Utah Construction Co.,* 199 Fed. Rep. 976; *Teal* v. *Bilby,* 123 U. S. 572; *Galway* v. *Prignano,* 134 N. Y. Supp. 571; *Stewart* v. *Keteltas,* 36 N. Y. 388; Clark on Contracts, 611; *American Exchange Nat. Bank* v. *Smith,* 61 Misc. Rep. 49; 113 N. Y. Supp. 236; *Bishop* v. *Busse,* 69 Ill. 403; *Farrar* v. *Tolwer,* 88 Ill. 408; *Rollins* v. *March,* 128 Mass. 110.) The judgment was properly reversed by the Appellate Division, as there was no proper proof to enable the jury to determine the actual or market value of the defendant's services, or that they were unique and of special character.

(*Sharp* v. *U. S.*, 191 U. S. 341; *Hine* v. *Manhattan Railway Co.*, 132 N. Y. 477; 1 Wigmore on Ev. 715; 2 Sedg. on Dam. [9th ed.] 1342; *McCollum* v. *Seward*, 62 N. Y. 316; *Gall* v. *Gall*, 27 App. Div. 173; *Reynolds* v. *Robertson*, 64 N. Y. 589; *Mercer* v. *Vose*, 67 N. Y. 56; *Matter of Benton*, 71 App. Div. '522; *Barnes* v. *Brown*, 130 N. Y. 372; *Dillon* v. *Anderson*, 43 N. Y. 231; *Clark* v. *Marsiglia*, 1 Den. 317; *Parson* v. *Sutton*, 66 N. Y. 92; *Mendell* v. *Wilyomy*, 85 N. Y. Supp. 647; *Joseph* v. *Sulzberger*, 121 N. Y. Supp. 73.)

CARDOZO, J. The action is one by employer against employee. The plaintiff is a manufacturer of waists. The defendant is a designer. There is evidence that on July 5, 1913, she agreed to serve the plaintiff for one year at a salary of $45 a week. In August, 1913, she abandoned her contract without warning. She says she believed herself worth more than she had received. She entered the service of a rival company, which agreed to pay her $100 a week and an additional $500 at the end of the year. This latter contract was in writing. It was accompanied by a bond indemnifying the defendant against damage by reason of any breach of her oral contract with the plaintiff. At once the plaintiff attempted to win her back. An offer was made to increase her salary to $100 a week. She accepted the offer and agreed to return. On August 26, 1913, the new agreement was put in writing and signed. It gave the plaintiff an option to renew the employment for a second year. This was a right which the first agreement did not give; and hence, there was no lack of consideration for the larger rate of payment. The defendant served a day, and then again deserted. She demanded an additional payment of $1,000 as the price of performance. This the plaintiff was willing to concede. What the plaintiff would not concede was a bond indemnifying the defendant against claims for damages by others and undertaking

to continue the payment of her salary even in the event of an injunction restraining her from working. The defendant refused to return, and the plaintiff sued her.

Two causes of action were submitted to the jury. One was for the breach of the oral contract of July 5, 1913; the other, for the breach of the written contract of August 26. The verdict was for $3,420. The Appellate Division held that there could be no recovery for the breach of the oral contract, because it had been rescinded by consent, and a new contract had been substituted; there could be no recovery in excess of nominal damages for the breach of the new contract, because no damages had been proved. The judgment was, therefore, reversed, and one for nominal damages was directed in its place.

We agree with the Appellate Division that the breach of the oral contract does not sustain the verdict. For a sufficient consideration, that contract was rescinded, and a new one substituted. But we do not agree that for the breach of the new contract, the award of damages must be nominal. The defendant was evidently a designer of more than usual skill. This is sufficiently attested by the eager competition for her services. The record does not tell us the usual payment for designers of equal skill. It does tell us, however, the payments made to this particular designer. She was able to earn from others $500 a year more than she was to receive from the plaintiff. Nor is that all. Without color of right, she demanded an extra $1,000 from the plaintiff as the price of performance, and the plaintiff would have yielded to the exaction if it had not been coupled with a demand for a bond of indemnity. In all those circumstances, there is some evidence of the value of her services, and hence, of the cost of replacement, if they could be replaced at all. The plaintiff might have proved by experts the sum that such services ought to command in the market. It did not prove that, but it did prove the sum that they

had in fact commanded (*Ommen* v. *Talcott*, 175 Fed. Rep. 261, 267). The defendant may be assumed to have known what her own services were worth (*Mercer* v. *Vose*, 67 N. Y. 56). She will hardly say that the payment which she exacted was excessive and unfair. At least until she does speak, her conduct stands as an admission, and justifies the inference that the wage was fair and just. If one agrees to sell something to another, and then, the next day, sells it to some one else at an advance, the new transaction is not to be ignored in estimating the buyer's loss (*Wolff* v. *Meyer*, 75 N. J. L. 181). The rule is not different when one sells one's labor. The price received upon a genuine sale either of property or of services is some evidence of value (*Parmenter* v. *Fitzpatrick*, 135 N. Y. 190; *Matter of Johnston*, 144 N. Y. 563; *Hawver* v. *Bell*, 141 N. Y. 140; *Latimer* v. *Burrows*, 163 N. Y. 7, 9; *Cary* v. *Gruman*, 4 Hill, 625; *City of St. Charles* v. *Stookey*, 154 Fed. Rep. 772, 777; *Boyd* v. *Vale*, 84 App. Div. 414, 416; Wigmore on Ev. §§ 463, 715). There was thus a question for the jury. The evidence might well have been ampler, but some evidence there was.

The judgment of the Appellate Division directing a verdict for the plaintiff in the sum of six cents should be reversed, and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, POUND, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.