PHŒNIX AUTO AND RAINCOAT COMPANY, INC., Plaintiff, Appellant,
v. SOLOMON JOSEPH, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, January — Filed
February, 1924.

Master and servant — breach of contract by employee — damages — when
employer entitled to difference between contract wage and market
value of employee's services — when charge to jury deemed reversible
error — when evidence showing fair and reasonable value of services
of same kind of work deemed proper — judgment reversed.

Where defendant within three months after making a contract with plaintiff for
personal services as a designer for one year beginning December 19, 1921,
abandoned such employment, the plaintiff is entitled to recover the difference
between the contract wage and the market value of the defendant's services
for the unexpired period of the contract.

Where shortly after leaving the employ of plaintiff the defendant told a witness
for plaintiff that he could not afford to work for the contract wage and had
obtained employment at an increased compensation, a charge to the jury, duly
excepted to, in an action by the employer for breach of the contract, that since
in the early part of March, 1922, plaintiff did hire a satisfactory designer to
take the place of the defendant at a less sum than the plaintiff was obligated
to pay the defendant, the plaintiff could not claim any damages after the early
part of March, 1922, was such error as alone was cause for a reversal of the
judgment.

The president of plaintiff testified that during his thirteen years in business he
had engaged some ten to twelve designers and was familiar with the character
of their work, but he was not permitted to testify as to the "fair and reasonable
value of the services of the same kind and character as were rendered by the
defendant." *Held*, that such ruling was also erroneous and the judgment will
be reversed and a new trial ordered, with costs to abide the event.

APPEAL by plaintiff from a judgment of the City Court of the
city of New York in favor of defendant for costs, entered upon
the verdict of a jury in favor of plaintiff for one dollar.

*Isidor E. Schlesinger*, for appellant.

*H. S. & C. G. Bachrach*, for respondent.

*Per Curiam.* The action was brought by plaintiff, employer,
against the defendant, employee, for breach of a written contract
of employment as a designer. The agreement of employment was
practically for one year beginning December 19, 1921.

The verdict of the jury establishes the fact that defendant
abandoned the employment on or about the third day of February.
Plaintiff's witness testified that defendant, shortly after leaving
plaintiff's employ, told him that he could not afford to work for

30

Appellate Term, First Department, February, 1924. [Vol. 122

$100 a week, which was the amount fixed in the contract, and that he had obtained employment with his old firm at a compensation of practically $150 a week.

The only question raised on this appeal is as to the damages to which plaintiff was entitled under these circumstances. The learned judge below charged the jury that since in the early part of March, 1922, "plaintiff did hire a satisfactory designer to take the place of the defendant at a less sum than the plaintiff was obligated to pay the defendant the plaintiff could not claim any damages after the early part of March, 1922," to which due exception was taken. It is clear that plaintiff was entitled to recover the difference between the contract wage and the market value of defendant's services for the unexpired period of the contract without qualification, and for this error alone the judgment would have to be reversed.

The president of the plaintiff corporation testified that he had been thirteen years in the business during which time he had engaged some ten to twelve designers, had discussed and agreed upon their salaries, had discussed the employment of designers with others also, was familiar with the character of their work and with patterns. Notwithstanding this evidence the witness was not permitted to testify as to the " fair and reasonable value of the services of the same kind and character as were rendered by the defendant." This ruling was also erroneous. See *Triangle Waist Co.* v. *Todd*, 223 N. Y. 27; *Bedell* v. *Long Is. R. R. Co.*, 44 id. 367; *Nelson* v. *Sun Mutual Insurance Co.*, 71 id. 453; *Finn* v. *Cassidy*, 165 id. 584, 594.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

All concur; present, BIJUR, MULLAN and LYDON, JJ.

Ordered accordingly.